# ANNA S. LAMSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 13, 1911.

Nos. 16,983—(54).

**Duty of railroad company — question for jury.**

It is the duty of a railroad company, when a passenger train is stopped at a station, not to start the train before passengers have had a reasonable time and opportunity to alight in safety. In this case, *held* a question for the jury as to whether plaintiff had such a reasonable time and opportunity.

**Abuse of passenger — question for jury.**

The evidence justified submitting to the jury the question as to whether language used by the conductor towards plaintiff, considering his tone and manner, was abusive or insulting, and sustains the verdict that it was, and that defendant was liable for damages resulting therefrom.

**Punitive damages — charge to jury.**

There was no evidence of malice or wanton disregard of plaintiff's rights that warranted the instruction given by the court to the jury that punitive damages might be awarded.

**Same — harmless error.**

Where the evidence shows that the verdict is for an amount not larger than plaintiff is fairly entitled to as compensatory damages, it will be presumed that the jury did not allow punitive damages, and an instruction that they might is error without prejudice.

Action in the district court for Wright county to recover $5,003.-74 for failure to stop defendant's train where plaintiff passenger could alight therefrom, and for misconduct of defendant's conductor. The answer was a general denial. The case was tried before Giddings, J., who denied defendant's motion to direct a verdict, and a jury which returned a verdict in favor of plaintiff for $101.74. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

[1] Reported in 130 N. W. 945.

*Brown, Albert & Guesmer,* for appellant.
*Woolley & Johnson,* for respondent.

BUNN, J.

Plaintiff, a woman of forty-two, a resident of Buffalo, Minnesota, on October 11, 1909, purchased a ticket from defendant at Cokato for Montrose. The train consisted of a mail car, baggage car, express car, and six coaches. Plaintiff, with her two small children aged three years and fourteen months, respectively, took a seat in the second or third coach from the rear of the train. Besides the children, she had with her a suit case. It was about four o'clock in the afternoon of a damp, windy October day. Plaintiff knew the stations along the way, and knew at Waverly that Montrose was the next station, and prepared to get ready to leave the train. When the train stopped at Montrose, plaintiff testifies that she went upon the platform of the car and saw that it was not opposite the station platform, thought she could not get off there, and hurried through the next car, but before she had passed through this car the train moved out. The train stopped at Montrose about two minutes. During this time the conductor was engaged in ejecting a drunken man from the smoking car. After the train left Montrose, plaintiff testifies that the conductor entered the car where she was seated; that he appeared to be angry when he came into the car and before she spoke to him. Plaintiff said, "I wanted to get off at Montrose." The conductor said, "Why didn't you?" Plaintiff said, "Because I couldn't, I didn't have time." He said, "You could." Plaintiff said, "I couldn't," and the conductor said, "I will put you off now." Plaintiff says that this conversation was carried on by the conductor in a loud tone of voice. No effort was made to put plaintiff off, and at Delano she refused to leave the train, and was carried to Minneapolis, from there taking a Soo train to her destination. Plaintiff had suffered from nervous trouble, and was not well at this time. There is evidence that her health was affected by the incident.

This action was to recover damages for defendant's failure to give plaintiff a reasonable time to alight from the train at Montrose, and for the alleged wrongful, wilful, and malicious conduct of the

conductor in using the language above quoted. The court, in its charge, submitted the questions relating to the liability of the defendant, and the question of compensatory damages, and also instructed that the jury might award punitive damages if they found that the conductor was actuated by malice and acted in wanton disregard of plaintiff's rights. Defendant made a motion for a directed verdict, and afterwards a motion for judgment notwithstanding the verdict or for a new trial. These motions were denied, and defendant appealed.

We think that the evidence made a fair case for the jury on the question of defendant's failure to stop the train long enough to give plaintiff an opportunity to alight at Montrose. It cannot be said that she was bound to attempt to take the jump from the car platform to the ground, with two small children to care for and a suit case to carry. We also think that it was a question for the jury as to plaintiff's right to compensatory damages, based upon the language of the conductor to her. The court is divided on the question as to whether the evidence justified the submission to the jury of the question of punitive damages; a majority holding that there is no evidence of malice or of a wanton disregard of plaintiff's rights sufficient to warrant permitting the jury to assess punitive damages. But we all agree that this, if error, was without prejudice. The verdict was for $101.74, and we do not consider it an excessive award for the compensatory damages. The record satisfies us that justice has been done, and we feel warranted in saying that the erroneous instruction did not affect the verdict.

Order affirmed.