SOMMERVILLE, J.
Plaintiff, a passenger on one of defendants cars, fell while the car was making a curve at the intersection of two streets in New Orleans, and she was injured to a certain extent. ' She also alleges that she was humiliated and mortified by the actions of the conductor on the car, for all of which she asks pecuniary damages.
There was a verdict and judgment for $500 against defendant, and it has appealed.
The testimony fails to disclose any fault on the part of defendant, for the accident to plaintiff. The tracks and rolling stock of defendant were not shown to be in poor condition, and it does not appear that the speed of the car was at an unusual rate in making the curve around the corner referred to. Defendant used proper precautions in operating the car at the time of the accident; and it cannot be held in damages for an accident in a curve which it was required to make, and which accident occurred without its fault.
The humiliation and mortification of which plaintiff complains were caused by the conductor while she was in the act of alighting from the ear. He referred to her as “a big *232 fat woman,” and. he assumed to reprimand her for sitting where she had been seated in the car. Plaintiff testifies that the conductor said to her:
“You had no business sitting in front of the car — a big fat woman like you had no business sitting in front of the car. Why didn’t you sit in the back?”
The conductor was absent from' New Orleans at the time of the trial, and a statement made by him was admitted in evidence by consent of plaintiff, so as not to delay the trial of the cause. He was not therefore subjected to cross-examination. The conductor states that he told plaintiff “that a stout person like herself ought to seat herself at the rear end of the ear.”
The statements of plaintiff and the conductor show that the latter used language to plaintiff which was disrespectful and humiliating to her. The personal appearance of a patron of a street car is not a proper subject of comment by the employés of the defendant company. Neither should the conductor undertake to dictate to a passenger as to where she should sit in a car which has no reserved seats.
The language used by defendant’s employé was- humiliating and mortifying to a sensitive woman, and defendant did not give to plaintiff that care and respectful consideration and attention which it, as a common carrier, owed her while she was using its car, and it is responsible in damages for the annoyance and injured feelings caused to plaintiff through the fault of its employé. Lamson v. Great Northern Railway Co., 114 Minn. 182, 130 N. W. 945, Ann. Cas. 1914A, 15.
It is ordered, adjudged, and decreed that the judgment appealed from be amended by reducing it to $250, and, as thus amended, it is affirmed.