SIEMS v. PIERRE SAVINGS BANK.

1. Section 5159, Comp. Laws, providing that "the purchaser  *  *  *  is en-
titled to receive from the tenant in possession the rents of the property
sold," etc., has no application to sales made at a mortgage foreclosure,
either by advertisement or by action. Rudolph v. Herman, 56 N. W. 901,
4 S. D. 283.

2. A mortgagee, having purchased the premises at such foreclosure sale,
and having, without the consent of the mortgagor, collected rents there-
from from the tenants, is liable to the mortgagor for the same.

3. Money in the hands of one person, to which another is equitably entitled,
may be recovered in a common-law action upon an implied promise,
arising from the duty of the person in possession to account for and pay

over the same to the person beneficially entitled. In such case no privity of contract between the parties is required, except that which results from the circumstances.

(Syllabus by the court. Opinion filed Aug. 24, 1895.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action to recover money received for rents during year of redemption. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Horner & Stewart,* for appellant.

The rents and profits of property belong during the redemption period, to the purchaser at a foreclosure sale. Guy v. Middleton, 5 Cal. 392; Reynolds v. Yathrop, 7 Ia. 43; Harris v. Reynolds, 13 Ia. 515; Walker v. McCusker, 15 Pac. 723; Clement v. Shipley, 51 N. W. 414. When two claimants for the same service apply for payment to the party bound to pay for the same, one of whom is recognized as the person entitled to payment and is paid to the exclusion of the other who is in fact alone entitled to payment, the party so excluded derives no right from the circumstances to the money paid to his competitor. Patrick v. Metcalf, 37 N. Y. 334; Butterworth v. Gould, 41 N. Y. 463; Hathway v. Horner, 54 N. Y. 656; Decker v. Salzman, 59 N. Y. 277; Peckham v. Van-Wagmen, 83 N. Y. 44; Fox v. McComb, 18 N. Y. 611.

*John A. Holmes,* for respondent.

The rents and profits of property, during the redemption period, belong to the mortgagor or his successor in interest. Rudolph v. Herman, 56 N. W. 901; 4 S. D. 283. An action for money had and received to the use of a plaintiff lies whenever the defendant has in his hands money of plaintiff's which in equity and conscience he has no right to retain; and this, whether there be or not any contract or privity between the parties. Kreutz v. Livington, 15 Cal. 345; Bank v. Smith, 5 Conn. 71; Dickson v. Cunningham, Mort. and Yug. 221; Mason v. Waite, 17 Mass. 558; Arnold v. Lyman, 17 Mass. 400.

Kellam, J. Siems, the respondent, was the owner of real estate in Pierre, upon which the appellant bank held a mortgage with power of sale. The mortgage was regularly foreclosed by advertisement, appellant becoming the purchaser. Subsequently to the purchase, the bank, upon the theory that as such purchaser it was entitled to the rents during the redemption year, under section 5159, Comp. Laws, leased the premises and collected the rents. The bank refusing to pay over to respondent the rents so collected and received by it, he brings this action to recover the same. From a judgment in favor of respondent upon these facts, this appeal is taken.

In Rudolph v. Herman, 4 S. D. 283, 56 N. W. 901, this court, the writer of this opinion dissenting, held that said section 5159 "has no application to sales made at a mortgage foreclosure, either by advertisement or by action." While it is probable that this court as now constituted, would not have so held, still it was the deliberate decision of the court upon a disputed question of law, and as a rule of property, became the law of this jurisdiction. It would be exceedingly unwise now to reagitate it, and possibly reverse our former decision, especially when we could not certainly demonstrate that it was wrong. It is better for all interests to abide by deliberate and final decisions, unless palpably and demonstrably wrong, than to constantly change the same to meet the views and opinions of the individual judges who may happen from time to time to constitute the court. We therefore follow the Rudolph case, and hold that appellant was not entitled by operation of law to the rents from the mortgaged premises during the redemption period. We do this the more readily in this case in view of the fact that the legislature, by chapter 139 of the Laws of 1893, repealed the said section 5159, under which, only, this and similar claims could or can arise.

Appellant, however, contends that, even under the former opinion of this court, this action cannot be maintained; that an action for money had and received "will not lie by a claimant to a fund against his rival claimant, if that rival claimant received it under

a claim of right, and the same was paid to him in recognition of that right, and in denial of any right of the claimant to receive it"; and in support of this claim cites cases like Patrick v. Metcalf, 37 N. Y. 332, and Butterworth v. Gould, 41 N. Y. 463. They were all cases in which it plainly appear that the money sought to be recovered was paid and received with a full knowledge that payment was claimed by adverse and rival parties, the party paying deliberately and voluntarily electing to pay one, to the exclusion of the other, and take his own chances as to further liability to the one not paid. In such case all act understandingly, and each in defiance of the other. If the party so paying pays to the wrong claimant, and is afterwards obliged to pay to the right one, he cannot complain, for he voluntarily assumed to decide for himself who was the rightful claimant. But here the bank leased to tenants' property which it, and presumably the tenants, supposed it had a right to lease, and collected the rents under such lease. By a subsequent decision of this court, the rights of the parties are declared to be entirely different from what they had been understood to be. It turns out that the bank had no right to control or rent these premises after the sale than before. The possession during the redemption period belonged to Siems. The rents were incident to the possession. The bank collected them, but they belonged to Siems. It has collected money to which, in law, equity, or conscience, it had no right. While it did not act for or in the name of Siems, but for itself, and independently of him, the subject of its action was Siems' property, and he might affirm or acquiesce in what the bank had done, and claim the rents received by it. If A. sells B.'s property, and receives pay for it, B. may treat the attempted sale as a nullity, and proceed against the purchaser, or he may affirm the act of A., and recover from him what he received for the property. In such case no actual privity is necessary to be shown between A. and B. It is simply the case of one person having taken and sold and received pay for something that belonged to another. Upon such facts the law will unquestionably raise an implication of promise to pay the money to the party en-

titled to it.   Here the bank took possession of property belonging to Siems, rented it and received the rents.   They belonged to Siems and not to the bank and the bank could not, in equity and good conscience, retain it.   We are unable to see why the conceded facts in this case do not bring it within the familiar doctrine that money in the hands of one person, to which another is equitably entitled, may be recovered in a common law action by the equitable owner upon an implied promise arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled.   In such case no privity of contract between the parties is required, except that which results from the circumstances.   Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; Mason v. Waite, 17 Mass. 560; Kreutz v. Livingston, 15 Cal. 345.

Appellant insists that there can be no privity or implied contract to pay over between these parties, for the reason that the bank expressly acted for itself, claiming itself to be the owner of the rents collected; that it acted, not for, but in hostility to Siems, —thus expressly negativing any relation of privity with or promise to account to him.   It must be remembered that the promise upon which the action rests is not the direct act of the parties, but a promise which the law implies from the facts on the theory that a party is willing and undertakes to do what he ought to do. It does not militate against the promise which the law implies that the facts are inconsistent with an intent to promise or to pay over.   In discussing this question, Judge Cooley says it is no answer for the defendant to say:   "True, I have turned your property into money, but I did so in denial of your right.   I did so with intent to deprive you of the proceeds.   In other words, I insist upon having done no wrong, and repudiate all suggestions of an agreement to pay."   He concludes the discussion, citing many authorities, by saying:   "No question is made of this doctrine where, as a result of the tortious act, the defendant has come into possession of money belonging to the plaintiff.   The law will not permit him to deny an implied promise to pay this money to the party entitled."   Cooley, Torts (2d Ed.) 108.   While it may seem

illogical for the law to imply a promise upon the part of one whose conduct and declarations .clearly disprove any intention to promise, still it is constantly done. It is one of the fictions of the law which it seems convenient, if not necessary, to retain until the courts adopt the doctrine that such contracts are created by law, rather than implied by it. Thus, if a husband wrongfully expels his wife from his house, he is liable, as upon contract implied or created by the law, to any person who furnishes her with necessary supplies, although he gives notice to the tradesmen himself that he will not pay for the same. There are many cases where the law will imply or create a promise without, and even in direct repugnance to, the will or intention of the promisor. We think the case at bar is one of them. The bank took possession of property which belonged to Seims, rented it, and collected the rents. There is nothing in the case to show acquiesence by Siems in the bank's claim of the right to do so, and we are unable to discover any reason why he may not recover from the bank the amount so collected. The judgment of the circuit court is affirmed.