## FINCH *et al.* v. PARK *et al.*

An attachment plaintiff, after recovering a judgment for his debt and sustaining his attachment, may sue, for money had and received, one who with knowledge of the attachment, caused the sheriff to sell the attached property and pay over to him the proceeds, and who refuses to surrender the same on demand.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action by George R. Finch and others, suing as surviving members of the firm of Finch, Van Slyck, Young & Co., against H. A. Park and F. F. Grant, composing the partnership of Park & Grant. From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

The facts are stated in the opinion.

*George W. Case,* for appellants.

*Chas. S. Whiting,* for respondents.

HANEY, J.   Defendants appeal from an order overruling a
a demurrer to the complaint, the grounds of which are (1) that
there is a defect of parties defendant; and (2) that the com-
plaint dues not state facts sufficient to constitute a cause of ac-
tion.   It is alleged in the complaint that the plaintiffs
are the surviving partners of the firm of Finch, Van Slyck,
Young & Co.; that defendants are partners doing business
under the firm name of Park & Grant; that John Armstrong
was indebted to plaintiffs, who commenced actions against him
to recover upon such indebtedness, and at the same time caus-
ed certain warrants of attachment to be issued, under which
personal property belonging to Armstrong was attached and
taken into the possession of the sheriff; that these attachments
were discharged, but plaintiffs preserved their liens and ap-
pealed to this court, where the orders of the circuit court were
reversed and the attachments sustained; that plaintiffs recov-
ered judgments for costs in this' court and judgments in the
court below against the principal debtor; and that executions
were issued upon such judgments, which were returned unsat-
isfied.   It is further alleged ''that on or about the 7th day of
January, 1896, the defendant, as the firm of Park & Grant,
caused and directed a large part of the goods and merchandise
then held by the sheriff of Brookings county under the war-
rants of attachment hereinbefore mentioned to be sold, and
also caused and directed a large sum of money to be collected
upon the accounts levied upon under the above-mentioned war-
rants of attachment, all of which said goods and accounts were
then held by the sheriff of Brookings county under and by vir-
tue of said warrants of attachment hereinbefore mentioned, and
the said firm of Park & Grant, defendants herein, did on or

about the 11th day of March, 1896, receive of the proceeds of said sale of said goods herein mentioned, and collection of accounts herein mentioned, the sum of $1,433.87, of the moneys belonging to said firm of Finch, Van Slyck, Young & Co., under and by virtue of the lien of said warrants of attachment, and of the judgments obtained in the action herein mentioned, and the executions issued on said judgments, and said defendants were then and there well aware and fully advised of the fact that plaintiffs had levied their attachments on said property as hereinbefore mentioned, and that said attachments had been kept alive and in force by the said appeals to the supreme court; that thereafter, and prior to the commencement of this action, the said firm of Finch, Van Slyck, Young & Co. have demanded and caused to be demanded of said defendant firm that said defendant firm pay to said firm of Finch, Van Slyck, Young & Co. the said money received from the sale of such goods and collection of such accounts, and said defendant firm have refused, and do now refuse, to pay said sum, or any part thereof, but still retain the same from these plaitiffs, successors of said firm of Finch, Van Slyck, Young & Co., to their damage in the sum of $1,433.87, together with interest thereon at 7 per cent. per annum from said 11th day of March, 1896."

In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties. Comp. Laws, § 4924. Thus construed, these material facts are confessed by the demurrer: Property held by the sheriff as security for plaintiffs' judgments was caused to be sold by the defendants, who received the proceeds of the sale with knowl-

edge of plaintiffs' rights, and who, upon demand, refused to pay over the same. Here is money in the hands of one person, to which another is equitably entitled, and it may be recovered in an action upon the implied promise arising from the duty of the person in possession to pay it over to the person entitled thereto. No privity of contract between the parties is required, except that which results from the circumstances. Siems v. Bank, 7 S. D., 338, 64 N. W. 167. The reasons given by the Minnesota supreme court in deciding a case peculiarly analogous to the one at bar meet our approval. Mitchell, J., speaking for that court, says: "An action for money had and received can be maintained whenever one man has received or obtained possession of the money of another, which he ought, in equity and good conscience, to pay over. This proposition is elementary. There need be no privity between the parties, or any promise to pay, other than that which results or is implied from one man's having another's money, which he has no right conscientiously to retain. In such case the equitable principle upon which the action is founded implies the contract and the promise. When the fact is proved that he has the money, if he cannot show a legal and equitable ground for retaining it, the law creates the privity and the promise." And after stating the facts as alleged in the complaint in that case, from which it appears that the defendant, knowing the facts, induced and caused the sheriff to pay over to him proceeds of a sale, which should have been applied in satisfaction of plaintiffs, judgment, and refused, upon request, to pay plaintiffs the share to which they were entitled. the learned judge concludes as follows: "On sale, the proceeds of the property belong to those who own it, or those holding liens upon it before

sale.   Hence, if plaintiffs could establish by evidence the allegations of their complaint, they would be entitled to recover. Consequently it was error in the court below to order judgment for defendants on the pleadings.   It was immaterial that the sheriff paid the money to defendant in his wrong, and that plaintiffs may still have their remedy against him.   Having a choice of remedies, the plaintiff may elect.   Legard v. Gholson, 24 Miss 691; Allen v. Stenger, 74 Ill. 119."   Brand & Co. v. Williams (Minn.) 13 N. W. 42.   The order appealed from is affirmed.