## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

W. S. HYDE v. ADOLPH THOMPSON AND THEODORE G. THOMPSON, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF THOMPSON BROS.

Opinion filed April 14, 1909.

**Money Had and Received — Trial — Directed Verdict — Promise to Pay Proceeds of Converted Property.**

1. In an action for money had and received to plaintiff's use, it was reversible error to direct a verdict in defendant's favor, where plaintiff's proof tended to show that he had a prior lien on certain personalty, which defendants seized under a chattel mortgage, and which they sold at foreclosure sale; the proof disclosing an express agreement by which defendants promised, for due consideration, to pay to plaintiff the proceeds of such property at such sale, and the evidence showing a breach of such promise.

**Same — Implied Promise to Pay.**

2. In the absence of an express agreement to that effect, a promise will be implied on defendant's part, under such facts, to turn over the proceeds of such sale to plaintiff.

**Same — Evidence.**

3. Evidence examined, and *held* amply sufficient to sustain the allegations of the complaint, both as to the existence of plaintiff's lien and the promise aforesaid; hence the direction of a verdict in defendants' favor constitutes reversible error.

Appeal from District Court, Griggs county; *Burke, J.*

Action by W. S. Hyde against Adolph Thompson and Theodore G. Thompson.

Judgment for defendants and plaintiff appeals.

Reversed.

*Lee Combs,* for appellant.

Agreement to pay money may be express or implied. Rev. Codes 1905, Sec. 5711; Luther v. Hunter, 7 N. D. 544, 75 N. W. 916;

Where one. receives property agreeing to convert into cash and pay the owner's debts he is liable upon either express or implied promise to pay. Potts & Potts v. First National Bank, 102 Ala. 286; Kreutz v. Livingston, 15 Cal. 345; Bender v. Wooten, 35 Ark. 31; Davis v. Benton, 24 Conn. 556; Whitton v. Barringer, 67 Ill. 551; Johnson v. Collins, 14 Ia. 63; Sterling v. Ryan, 72 Wis. 36; Webb v. Meyer, 64 Hun. 11; 27 Cyc. 857.

If there is a substantial conflict in evidence, case is for jury. Finch v. Park, 80 N. W. 155; Siems v. Bank, 64 N. W. 167; Brand & Co. v. Williams, 13 N. W. 42.

*Benjamin Tufte,* for respondent.

Assumpsit will not be in favor of mortgage against purchaser at execution sale. Carpenter v. Graham, 3 N. W. 974; Randal v. Higbee, 37 Mich. 41; Hathaway v. Town of Cincinnatus, 62 N. Y. 434.

Authority from relationship of client and attorney cannot be inferred. Isaccs v. Zuggsmith, 103 Pa. St. 77; Rev. Codes 1905, section 502.

FISK, J. The sole question on this appeal is the correctness of the ruling below in directing a verdict in defendant's favor. Plaintiff seeks to recover for money had and received by defendants to his use. Briefly stated, the facts are that plaintiff had a seed lien upon certain wheat, which defendants had taken into their possession under a chattel mortgage for the purpose of foreclosure, and in addition to the facts necessary to show the validity of plaintiff's lien the complaint alleges an express contract between plaintiff and defendants whereby the latter agreed in consideration of being permitted to foreclose their said mortgage, which covered said wheat and other personal property, to pay to plaintiff the proceeds from the sale of such wheat and that thereafter they foreclosed accord-

ingly, and received on the sale of the wheat the sum of $165.64 and refused to turn the same over to plaintiff as promised, although payment thereof had been demanded by him. At the trial plaintiff introduced testimony tending to substantiate the allegations of his complaint in all particulars, and rested his case, whereupon the trial court, on motion of defendant's counsel, directed a verdict in defendant's favor, as above stated.

We are entirely clear that such ruling was erroneous. The reasons urged by respondents' counsel in support of such ruling merit but brief notice. These reasons, as stated in his brief, are the following: "(1) That, where adverse claimants are asserting rights to property covered by their adverse liens, the law will not imply a promise to pay. (2) In the case at bar there is no express promise and no agreement to pay, either by the defendants or any one authorized to enter into any agreement on their behalf. (3) That plaintiff has failed to prove that he had a seed lien upon the grain taken by defendants under their chattel mortgage."

The first proposition advanced is not necessarily involved in the case. Plaintiff does not rely for a recovery solely upon an implied promise on defendant's part to pay to plaintiff the proceeds of such wheat. He relies upon their express promise to do so. But, were it otherwise, we think that under the undisputed evidence, showing the priority of plaintiff's lien, the law would raise an implied promise on defendants' part to pay to plaintiff the proceeds of such wheat. Brand & Co. v. Williams, 29 Minn. 238, 13 N. W 42; Siems v. Bank, 7 S. D. 338, 64 N. W. 167; Finch et al v. Park, 12 S. D. 63, 80 N. W. 155, 76 Am. St. Rep. 588. This being true, it necessarily disposes of respondents' second contention also.

Their second contention is wholly untenable for another reason. The plaintiff's testimony is clear and specific to the effect that an express promise was made as alleged. The proof shows that Coffey, the person who made such agreement on defendants' behalf, was not only expressly authorized to do so, but his acts were subsequently ratified by defendants. Such contention, therefore, flies in the teeth of the facts as testified to by plaintiff, and which must be accepted as true on this appeal.

This is equally true as to respondents' third contention, which merits no further consideration.

Judgment reversed, and new trial ordered. All concur except MORGAN, C. J., who did not participate on account of illness.