### HERLIHY v. BLOKUS.

(Supreme Court, Appellate Term. November 10, 1911.)

PLEADING (§ 49*)—THEORY OF ACTION—FRAUD—BREACH OF CONTRACT.

Where a complaint alleges fraud, but there was no false representation as to an existing fact, it is error to treat the complaint as one for fraud, and dismiss it, if by disregarding as immaterial the allegations of fraud enough remains to set forth an action on the contract.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 107–111; Dec. Dig. § 49.*]

Appeal from City Court of New York, Trial Term.

Action by Julia A. Herlihy against Nellie F. Blokus. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

Reynolds & Richards (Mr. Richards, of counsel), for appellant.
Bruce R. Duncan (H. H. Van Dyck, of counsel), for respondent.

PER CURIAM. As an action for fraud must be based upon a false representation as to an existing fact, and not upon a promise to be performed in the future, the complaint in this case did not, therefore, set up a cause of action for false and fraudulent representations. It does, however, set up a cause of action for breach of contract, disregarding all the immaterial allegations therein relative to the alleged false statements of the defendant. If, therefore, the averments set up in the complaint were proven upon the trial, the court would have the power to grant the relief asked for therein and embraced within the issues. The complaint should not have been dismissed, and the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.