BUNKERS, Respondent, v. GUERNSEY, Appellant.

(153 N. W. 378.)

(File No. 3709.    Opinion filed June 21, 1915.    Rehearing pending.)

1.  Action—Nature of—Contract or Tort—Sale of Land, Mistake as to Acreage—Failure to Prove Fraud—Recovery on Implied Contract—Necessary Allegations.

Where a complaint alleged purchase by plaintiff from defendant of a farm at the agreed price of $30.00 per acre, that defendant represented that it contained 206 acres, that plaintiff, relying upon such representation, paid said price for 206 acres, that the farm actually contained about 28 acres less than the amount represented, that plaintiff would not have paid for 206 acres except for such representation and his belief that it was true, that said representation was false and made by defendant with intent to defraud, held, that, the making of the representations being proven, but there being no evidence of fraud or intentional misrepresentation, a recovery by plaintiff was not thereby defeated, since, while in an action to recover damages for false and fraudulent misrepresentations the fraudulent intent must be proved, yet, when the action is brought to recover a specific sum alleged to have been paid through mistake of fact on plaintiff's part, the allegation of fraudulent intent may be treated as surplusage and a recovery had on an implied contract for money had and received, where, after such elimination, the complaint states a cause of action on contract.

2.  Vendor and Purchaser—Action to Recover Purchase Money—Shortage in Acreage—Lasches—Diligence by Vendee in Measuring Land.

Where the shortage in quantity of land purchased was not discovered by purchaser for over twelve years after the purchase, and then only by measurement of the exact acreage preparatory to a sale thereof by him, he having had no reason to believe that the farm contained less land than he had paid for, held, that he was not chargeable with neglect or want of ordinary diligence for not having discovered the shortage before,

and, an action having been brought without delay after such discovery, plaintiff was not barred by lasches from maintaining an action.

3. **Evidence—Principal and Agent—Principal's Failure, as Witness, to Deny Agency—Sufficiency of Evidence of Agency.**

In a suit to recover a deficiency in acreage of land sold by the acre, held, that evidence of representations made to plaintiff by one (now deceased) who purported to represent defendant, the vendor, the latter, as a witness, having failed to deny the agency or to state the extent of the alleged agent's authority, but did testify to being informed by alleged agent, to whom he had sold, and the purchase price, and that, from this information, he made out the deed stating the acreage, and that he received the purchase price, was sufficient to show that such alleged agent was defendant's agent and could bind him by a statement that the farm contained about 28 acres more than it in fact contained.

4. **Vendor and Purchaser—Shortage in Acreage—Liability to Return Surplus Payment Made by Mistake—Statute—Intent to Defraud, Materiality of.**

Under Civ. Code, Sec. 1616, providing that one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other unlawful act, is, unless he has some other and better right thereto, an involuntary trustee of such thing for the benefit of the person who would otherwise have had it, held, that the vendor of land sold by the acre who was paid for about 28 acres more than the farm contained, under a mistaken belief as to the acreage, was, upon discovery of the mistake by the purchaser, bound to return the amount overpaid, although he had no intention to defraud the purchaser.

5. **Evidence—Vendor and Purchaser—Shortage in Acreage—Action to Recover Overpayment—Payment Without Knowledge, Admissibility of Evidence.**

In a suit to recover an overpayment under a purchase of a farm by the acre as containing 206 acres, held, that it was not error to allow plaintiff to answer a question as to whether he would have paid for 206 acres had he known that the farm contained materially less, it being competent to show that he paid full purchase price for 206 acres under the mistaken belief that he was getting that quantity of land.

Gates, J., dissenting.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Henry Bunkers against O. E. Guernsey to recover back part of purchase money on a sale of land. From a judg-

ment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Robertson & Dougherty,* and *Aikens & Judge,* for Appellant.
*Krause & Krause,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Ross v. Mather, 51 N. Y. 108; Neudecker v. Kohlberg et al., 81 N. Y. 302; Cassidy v. Uhlmann, 170 N. Y. 537; Francisco v. Hatch, (Wis.) 93 N. W. 1118; First Nat. Bank of Tigerton v. Hecht et al., 149 N. W. 705.

Respondent cited: Bixby v. Wood, 24 N. Y. 607; Tugman v. Nat. Steamship Co., 76 N. Y. 207; Holcomb v. Noble, (Mich.) 37 N. W. 497; Western Assurance Co. v. Towle, (Wis.) 26 N. W. 104; Lindskog v. Schouweiler, (S. D.) 80 N. W. 190; Merriam v. Johnson, (Minn.) 90 N. W. 116; Logan v. Freerks, (N. D.) 103 N. W. 426; Sturgis v. Preston, 134 Mass. 372; Connoughty v. Nichols, 42 N. Y. 83; Lindskog v. Schouweiler, (S. D.) 80 N. W. 190; Luscombe v. Grigsby, (S. D.) 78 N. W. 357; 27 Cyc. 878; 20 Cyc. 96.

(2) Under point two of the opinion, Appellant cited: Suessenbach v. First Natl. Bank, 5 Dak. 504; Kenney v. McKenzie, 25 S. D. 485, 127 N. W. 597; Ernster v. Christianson (Dissent by Judge Whiting), 24 S. D. 110.

(4) Under point four of the opinion, Respondent cited: Keener on Quasi-Contracts, 26; Walker v. Conant, (Mich.) 31 N. W. 786; Finch v. Parks, (S. D.) 80 N. W. 155; Siems v. Pierre Sav. Bank, (S. D.) 64 N. W. 167, with authorities cited; 15 Am. & Eng. Enc. Law. 2d Ed. 1103, 1104-5; Hanan v. Messenger, (Ia.) 150 N. W. (advance sheet) 673; Martin v. Hattun, (Neb.) 36 L. R. A. (N. S.) 602, and case note; 27 Cyc. 863, at par. J.— "Money Wrongfully Obtained," and 27 Cyc. 866, at par. VI.— "Money Paid Under Protest, Duress, Fraud," etc.

POLLEY, J. Plaintiff, in his complaint, alleges that, in the month of April, 1901, he purchased a farm in Minnehaha county from the defendant; that the price per acre agreed upon by plaintiff and defendant, and which plaintiff agreed to pay to defendant, was $30 per acre; that defendant represented that the farm contained 206 acres, and that plaintiff, believing and relying upon said representations, paid defendant for 206 acres at $30 per acre, amounting to $6,180; that it was afterward learned by plaintiff

that, as a matter of fact, the farm contained only 177.38 acres, and that therefore plaintiff had paid defendant for 28.62 acres more than the farm actually contained; that plaintiff would not have paid for 206 acres except for said representations and his belief that said representations were true. In addition to the above allegations, plaintiff alleged that the representations made by defendant—that said farm contained 206 acres of land—were false and untrue and were made by defendant knowingly and for the purpose and with the intent of defrauding the plaintiff. It was clearly established by the evidence at the trial that the party who negotiated the sale to respondent did represent the farm as containing 206 acres, that respondent believed it to contain that quantity of land, and that he paid the full purchase price of that amount of land upon the strength of such belief. But there was no evidence of fraud or intentional misrepresentation on the part of defendant, although there is evidence that defendant's agent who negotiated the sale told plaintiff that defendant had had the land measured and that it contained 206 acres by actual measurement. Plaintiff had judgment, and defendant appeals.

[1] It is first contended by appellant that this action is based upon tort—and not upon contract, either express or implied—and that respondent, having failed to prove his allegations of fraud and deceit, is not entitled to recover. On the other hand, it is contended by respondent that the action is not based upon fraud, but upon implied contract; that, through a mistake of fact, he paid appellant $856.60 for which he received no consideration whatever; and that, when the mistake was discovered, he was entitled to the return of the said sum upon an implied contract for money had and received. In this contention, we believe respondent is right. While it is true that in an action for the recovery of damages caused by the false and fraudulent misrepresentations of another it is necessary to prove the fraudulent intent, it is just as true that, when the action is brought for the recovery of a specific sum alleged to have been paid through a mistake of fact on the part of plaintiff, the allegations of fraudulent intent may be treated as surplusage and a recovery had upon an implied contract for money had and received. This proposition, of course, is based upon the assumption that the complaint,

after eliminating the allegations of fraud, states facts sufficient to constitute a cause of action for money had and received. Appellant having received this money through the mistaken belief that the farm contained 206 acres, it became his duty, upon the discovery of said mistake, to return the same to respondent. He then had money in his hands which he knew belonged to respondent and to which respondent was equitably entitled.

The principle involved is the same as in Finch v. Park, 12 S. D. 63, 80 N. W. 155, 76 Am. St. Rep. 588, and what was said by this court in that case should govern in this:

"Here is money in the hands of one person, to which another is equitably entitled, and it may be recovered in an action upon the implied promise arising from the duty of the person in possession to pay it over to the person entitled thereto. No privity of contract between the parties is required, except that which results from the circumstances. Siems v. Bank, 7 S. D. 338, 64 N. W. 167. The reasons given by the Minnesota Supreme Court in deciding a case peculiarly analogous to the one at bar meet our approval. Mitchell, J., speaking for that court, says: 'An action for money had and received can be maintained whenever one man has received or obtained possession of the money of another, which he ought, in equity and good conscience, to pay over. This proposition is elementary. There need be no privity between the parties, or any promise to pay, other than that which results or is implied from one man's having another's money, which he has no right conscientiously to retain. In such case the equitable principle upon which the action is founded implies the contract and the promise. When the fact is proved that he has the money, if he cannot show a legal and equitable ground for retaining it, the law creates the privity and the promise.'"

And it is generally held—and we believe rightly so—that, where one party is shown to have money in his hands which, in equity and good conscience, belongs to another, it may be recovered in an action on contract, notwithstanding the fact that such money is alleged to have been obtained by fraud and misrepresentation, where, after eliminating the allegations of fraud, enough remains in the complaint to state a cause of action on contract. Wilson v. Randall, 67 N. Y. 338; Byxbie v. Wood, 24 N. Y. 607; Conaughty v. Nichols, 42 N. Y. 83; Ledwich v.

McKim, 53 N. Y. 307; Tugman v. Nat. Steamship Co., 76 N. Y. 207; Neftel v. Lightstone, 77 N. Y. 96; People v. Wood, 121 N. Y. 522, 24 N. E. 952; 27 Cyc. 878; Holcomb v. Noble, 69 Mich. 396, 37 N. W. 497; Siems v. Bank, 7 S. D. 338, 64 N. W. 167; Van Oss v. Synon et al., 85 Wis. 611, 56 N W. 190; Ripley v. Case, 86 Mich. 46, 49 N. W. 47; Western Assur. Co. v. Towle, 65 Wis. 247, 26 N. W. 104; Lindskog v. Schouweiler, 12 S. D. 176, 80 N. W. 190; Luscombe v. Grigsby, 11 S. D. 408, 76 N. W. 357; James River Nat. Bank v. Weber, 19 N. D. 702, 124 N. W. 953; Logan v. Freerks, 14 N. D. 127, 103 N. W. 426; Merriam v. Johnson, 86 Minn. 61, 90 N. W. 116; Herlihy v. Blokus (App. Term) 131 N. Y. Supp. 623; Ernster v. Christianson, 24 S. D. 103, 123 N. W. 711.

[2] It is next contended by appellant that respondent has not exercised reasonable diligence in the commencement of this action, and that, by his long delay in the commencement thereof, he is guilty of laches and has thereby estopped himself from maintaining the action at this time:

It will be remembered that the farm was purchased in April, 1901. This action was not commenced until the latter end of the year 1913, and appellant contends that, because of this long delay, it has become impossible, through the death of a witness to the transaction, to arrive at a correct conclusion; but, for the purpose of excusing the apparent delay in the commencement of the action, respondent showed that he did not discover the shortage in the quantity of land until during the month of November, 1913. There is no support in the record for appellant's claim that, by the exercise of ordinary diligence, this shortage would have been discovered at an earlier date. The quantity of the land could be ascertained only by a measurement thereof, and it does not appear that respondent ever had any reason to believe the farm contained less land than he had paid for nor that he had any occasion to have it measured until November, 1913, when he was about to sell it and had it measured for the purpose of ascertaining the exact quantity of land. Certainly respondent cannot be charged with negligence or want of ordinary diligence for not having done what there was no occasion for doing, and it is not claimed that there was any delay after the shortage was discovered. As was said by this court in Kenny

et al. v. McKenzie, 25 S. D. 485, 127 N. W. 597, 49 L. R. A. (N. S.) 782, the vital question is, "not when the mistake was made, but when it was first discovered."

[3] At the trial, the court, over the objection of appellant, admitted evidence of certain representations made to respondent by one Kenefick (since deceased) who purported to be representing appellant in the sale of the farm. Appellant, at that time, was residing in Dubuque, Iowa, and the negotiations with respondent were carried on by said Kenefick. It is claimed by counsel that Kenefick was not authorized by appellant to make any representations on his behalf, and that appellant was not bound by such representations if made. But, while appellant was a witness at the trial, he did not deny the agency of said Kenefick, nor did he undertake to state the extent of his authority. He did testify, however, that he was informed that Kenefick had found a buyer for the land; that Kenefick informed him of the name of the purchaser and the amount of the purchase price; that, from this information he himself made out the deed and received the consideration expressed therein. The deed described the farm as containing 206 acres, more or less, and appellant admitted receiving the purchase price of 206 acres at $30 per acre. In view of these facts, we are of the opinion that the said Kenefick was the agent of the appellant, and that, as such agent, he had authority to bind appellant in the matter of his representations as to the quantity of land. It was Kenefick who showed respondent the land, gave him the purchase price, and named the terms of payment; and, from the fact that appellant testified that Kenefick informed him (appellant) of the name of the purchaser and the amount of the purchase price, it would seem that it was Kenefick who fixed the purchase price. It is unfortunate, of course, that, because of the death of Kenefick, appellant was deprived of the benefit of his testimony; but, in view of the fact that appellant himself, when upon the stand, did not deny Kenefick's agency nor undertake to show the extent of his authority, it is difficult to see how Kenefick's testimony could, in any manner have aided appellant.

[4] From all the evidence, it is clear that appellant received $858.60 which respondent had paid him under the mistaken belief that he was getting 206 acres of land, and, upon the dis-

covery of such mistake, it was appellant's duty to return said sum of money to respondent. Section 1616, Civ. Code. And this is true, although appellant is not shown to have had any intention to defraud respondent. First Nat. Bank v. Hecht, 159 Wis. 113, 149 N. W. 703.

[5] While on the stand the respondent was asked the following question:

"Had you known at that time (at the time of the purchase) that the land—that that farm contained materially less than 206 acres, would you have paid for 206 acres?"

This was objected to on the ground that it was "incompetent for any purpose, not showing that defendant ever represented it to contain 206 acres." The objection was overruled, and the ruling thereon is assigned as error. There was no error in receiving the answer to this question. It was competent to show that respondent paid the full purchase price for 206 acres at $30 per acre under the mistaken belief that he was getting that quantity of land.

The other assignments have been examined, but, as no error appears, they will not be taken up in detail.

The judgment and order appealed from are affirmed.

GATES, J., dissenting.