BUNKERS, Respondent, v. GUERNSEY, Appellant.

(160 N. W. 732.)

(File No. 3709.    Opinion filed December 30, 1916.    Rehearing denied March 5, 1917.)

1.  Action—Nature of—Contract or Tort—Sale of Land, Mistake in Acreage—Pleadings, as Affecting Nature of Action—Former Opinion Modified—Allegations of Tort, as Surplusage.

Where, in a complaint to recover part of purchase money under a sale of land to plaintiff, for alleged misrepresentation of the acreage by defendant, plaintiff alleging facts concerning such misrepresentation as to acreage, held, that, although there were other allegations in the complaint upon which recovery for money had and received was justified, yet the allegations of deceit should not be regarded as surplusage; that the action is still one in tort, and not one on implied contract for money had and received; and the judgment appealed from was not supported by the pleadings and findings.    Bunkers v. Guernsey, 35 S. D. 574, 153 N. W. 378, reversed.

2.  Trial—Nature of Action—Tort, or Money Had and Received— Waiver of Right to Litigate Deceit—Abandonment of Tort, Necessity of Amending Pleading.

Where, in a suit for recovery of part of purchase money under a sale of land based upon alleged misrepresentations by defendant as to acreage, and the pleadings embodied the aspect both of deceit and of implied contract for money had and received, held, that, defendant not having waived his right to have the cause tried as one based on deceit, therefore, if plaintiff desired to abandon the alleged tort and sue on contract, he should have asked to amend his complaint; since as yet defendant has not been called upon to answer to any cause of action except one based on deceit.

On rehearing.    Rehearing granted.

For former opinion, see, 35 S. D. 574, 153 N. W. 378.

*Robertson & Dougherty,* and *Aikens & Judge,* for Appellant. *Krause & Krause,* for Respondent.

WHITING, J.  [1] This case is before us upon rehearing, our former decision being reported in 35 S. D. 574, 153 N. W. 378.    In such opinion we held with respondent's contention that the action was not one in tort; that it was an action on implied

contract for money had and received. Apparently this had been the view of the trial court, as in rendering its findings it failed to find upon the issue of deceit raised by the pleadings. The trial court and this court in its former opinion were clearly in error as, under the pleadings herein, the action was one wherein damages were claimed for deceit. There is thus presented a situation similar to that in Jones v. Winsor, 22 S. D. 480, 118 N. W. 716, wherein this court said:

"As before stated, it is contended by the respondents that these allegations for conversion, etc., may be treated as surplusage, and the complaint held good as an action in assumpsit for money had and received; but in our opinion we would not be justified in holding that these allegations constitute mere surplusage, and might be disregarded by the court. To so hold would introduce into the law too much uncertainty and ambiguity in pleading, which would have a tendency to mislead the courts and the opposing party."

[2] The appellant herein never, in any manner, waived his right to have this action tried as one based on alleged deceit. The judgment appealed from was not supported by the pleadings and findings. If respondent desired to abandon the alleged tort and sue on contract express or implied, he should have asked to amend his complaint. Appellant could then have met such new cause of action with such defenses as he may have thereto; as yet he has not been called upon to answer to any cause of action except one based on alleged deceit.

The judgment and order of the trial court, as well as the former decision of this court, are reversed.