(103 N. W. 402.)

---

CLARA LOGAN v. GEORGE W. FREERKS, A. J. BESSIE AND MARTIN C. FREERKS.

Opinion filed April 22, 1905.

**Money Had and Received — Action.**

1. A complaint alleged that plaintiff intrusted certain money to defendants, to be used by them. for the purpose of securing bail for one B, and also alleged that defendants were to return the same to plaintiff when such bail was exonerated, and further alleged that such bail was thereafter exonerated, and defendants received said money into their possession, and converted the same to their own use, and refused to repay the same to plaintiff. *Held,* that the cause of action should be treated as ex contractu, instead of ex delicto, and a recovery permitted upon the theory of money had and received under an implied promise to repay the same. *Held,* further, that it must be so treated in view of defendant's answer, and the issues thereby tendered.

**Although a Party Proceeds to Trial on a Mistaken Theory, He Is Entitled to Relief Consistent With the Issues and Proof.**

2. The fact that a party proceeds to trial upon a mistaken idea as to the nature of an action and the scope of the issues framed by the pleadings does not deprive him of the right to such relief as is consistent with the real issues and the proof in the case.

**Burden of Proof — Evidence.**

3. Defendants, who were attorneys, admitted the receipt of the money from plaintiff, and its retention by them, and sought to justify their conduct by alleging that plaintiff employed them to defend an-

other, charged with crime, and authorized them to retain said money for the purpose of paying for such legal services and for their disbursements. *Held*, that the burden was upon defendants to establish such defense.

### Books of Account Used to Refresh Memory May Be Offered in Connection With Cross-Examination of Witness Using Them.

4. A certain ledger belonging to defendants was used by one of them to refresh his memory while testifying to the account kept by defendants against plaintiff therein for alleged services and disbursements. *Held*, error to deny plaintiff's offer to introduce said ledger in evidence in connection with the cross-examination of such defendant.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Clara Logan against George W. Freerks and others. Judgment for defendants and plaintiff appeals.

Reversed.

*M. A. Hildreth,* for appellant.

The court erred in its charge, "the burden of proof in this case is upon the plaintiff to show by a fair preponderance of evidence the conversion claimed." The relation of attorney and client existed between plaintiff and the defendants. The burden was on defendants to show that they received the money in dispute in a lawful and legitimate manner and the burden to establish a perfect fairness and adequacy of the consideration and good faith of the transaction is upon the attorney. Klein v. Borchert, 95 N. W. 215; Whitehead v. Kennedy, 69 N. Y. 469; Robinson v. Hawes, 22 N. W. 222; Stanton v. Clinton, Hart & Brewer, 2 N. W. 1027; Starr & Rice v. Vandeheyn, 9 Johns. 253; Howe v. Ransom & Johnson, 11 Paige Ch. 538; Brock v. Barnes, 40 Barb. 529.

The  proof  showed that plaintiff was entitled to recover some amount as for money had and received. The instructions to the jury destroyed absolutely the right of the plaintiff to even recover the amount which the defendants conceded they owed the plaintiff. Reed v. Hayward, 82 App. Div. Rep. Sup. Ct. of N. Y. 417; Riegi v. Phelps, 4 N. D. 274, 60 N. W. 402.

The instruction of the court that the plaintiff should  recover $1,500 in dispute, and interest thereon, or nothing, was erroneously prejudicial to the rights of the plaintiff. The defendants claimed

a contract, either express or implied, by which the plaintiff agreed to pay them for defending Blanchard. Evidence was introduced under this theory of the defendants and the court instructed the jury in the following language: "In the first place I want to call your attention to the fact that you are not in this law suit trying the value of the services of Freerks, Bessie & Freerks rendered to Allen I. Blanchard." Under defendants' theory the court permitted them to show the character of their services for Blanchard, the amount of their disbursements for him and the value of such services, and the surrender of Blanchard for the purpose of procuring means to defend him. The plaintiff was entitled to have the action submitted upon the issues not only framed by herself but as tendered by the defendants. It is not the policy of the courts to make a multitude of suits, but to prevent litigation. Conaughty v. Nichols, 42 N. Y. 83, 76 N. Y. 211, 77 N. Y. 99.

The court erred in holding that the burden of proof was upon the plaintiff, and taking the question of the value of the services and their character from the jury. The burden of proof is on defendants to show that the plaintiff was not prejudiced by their conduct in reference to money for which suit was brought. Vanasse v. Reid, 111 Wis. 303, 87 N. W. 192; Burnham v. Hesselton, 9 L. R. A. 90; 1 Am. & Eng. Enc. Law, 958.

The rule is well settled on this question of the burden of proof. Elmore v. Johnson, 21 L. R. A. 366; Walling v. Eggers, 78 S. W. 428; Western Coal & Mining Co. v. Hollenbeck, 80 S. W. 145; Michels v. West, 109 Ill. App. 418; Moffatt v. Moffatt, 57 N. W. 954; Blunt v. Barrett, 124 N. Y. 117, 26 N. E. 318.

Defendants pleaded a confession and avoidance. The burden therefore was upon the defendants to make good the plea. Home Fire Ins. Co. v. Johansen, 80 N. W. 1047; Wheeler v. Lawson, 103 N. Y. 40, 8 N. E. 360; L. S. & M. S. Ry. Co. v. Felton, 103 Fed. 227, 43 C. C. A. 189; Aetna Life Ins. Co. v. Ward, 140 U. S. 76, 11 Sup. Ct. Rep. 720; Selma R. & D. R. Co. v. U. S., 139 U. S. 560, 11 Sup. Ct. Rep 638; Board of Supervisors of Milwaukee Co. v. Pabst, 70 Wis. 352, 35 N. W. 337; Osgood v. Groseclose, 159 Ill. 511, 42 N. E. 885; Bollenbacher v. First Nat. Bank of Bloomington, 35 N. E. 403; Kuenster v. Woodhouse, 77 N. W. 165; Continental Bldg. & Loan Ass'n v. Aulger, 74 N. W. 405.

It was one of the issues in the case as to whether or not the defendants could turn over Allen I. Blanchard and secure posses-

sion of the money deposited for his appearance in the manner that they did. The court in its charge practically said to the jury that it was perfectly legitimate for the defendants to procure money in such manner, and that they should not draw any unfavorable inference from that fact. The instruction was not only misleading but put too narrow a construction upon the evidence in the case. Kvello v. Taylor, 5 N. D. 76, 63 N. W. 889; Grisell v. Bank of Woonsocket, 12 S. D. 93, 80 N. W. 161; Parliman v. Young, 2 Dak. 175, 4 N. W. 139; Young v. Harris, 4 Dak. 367, 32 N. W. 139; Lindblom v. Sonstelie, 10 N. D. 140, 86 N. W. 357; Welter v. Leistikow, 9 N. D. 283, 83 N. W. 9.

The defendant George W. Freerks was permitted to use his books of account and to testify therefrom; the court refused to permit the plaintiff to introduce such books of account in evidence. This was prejudicial error. Davy v. Jones, 68 Me. 398, 1 Greenleaf on Evidence, 526, 88 N. Y. 334; Whitmore v. Peck, 19 Albany Law Journal, 400; Adams v. Olin, 40 St. Rep. 551; Waldorn v. Evans, 46 N. W. 607.

*Freerks & Freerks* and *A. J. Bessie,* for respondents.

As a general rule the burden of proof rests upon the party who would be defeated if no evidence at all were offered. 11 Am. & Eng. Enc. Law (2d Ed.) 535.

The term "burden of proof" has two distinct meanings: First, to the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case; second, to the duty of procuring evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a prima facie case. 5 Am. & Eng. Enc. Law (2d Ed.) 21.

The trial court used the term in the former sense. In this sense of the term, the "burden of proof" never shifts, but the party who affirms has the burden of proof. Willett v. Rich, 56 Am. Rep. 684; Steph. Ev. 175; Chaflin v. Mayer, 75 N. Y. 260; Scott v. Wood, 22 Pac. 871.

Unnecessary allegation of matters of defense does not cast the burden of establishing them upon the defendant, where the plaintiff's claim is denied. 5 Am. & Eng. Enc. Law (2d Ed.) 32; Tarbox v. Steamboat Co., 50 Me. 345; Atkinson v. Goodrich Transp. Co., 31 N. W. 169; Lamb v. Camden & Amboy R. R. & T. Co., 46 N. Y. 271; Heinemann v. Heard, 62 N. Y. 448; Heilmann v.

Lazarus, 90 N. Y. 672; Tourtelot v. Rosebrook, 11 Metc. 460; Delano v. Bartlett, 6 Cush. 364; Central Bridge Corporation v. Butler, 2 Gray, 130; Bacon v. Rogers, 8 Allen, 146; Robinson v. Railway Co., 7 Gray, 94; Nichols v. Munsel, 115 Mass. 567; Morrison v. Clarke, 7 Cush. 213; Brown v. King, 5 Metc. 173; Wood v. Chicago, M. & St. P. Ry. Co., 51 Wis. 201, 8 N. W. 214; Steffen v. Railway Co., 46 Wis. 262; Lockwood v. Chicago & N. W. Railway Co., 55 Wis. 63, 12 N. W. 401.

In dealing with his client, in his own interest, the attorney should show that the transaction is fair and honest; but the defendants have not the burden of showing the negative of the alleged conversion by a preponderance of the evidence.

The plaintiff gave the money in dispute to the defendants for the defense of Blanchard. With her knowledge and consent it was deposited with the First National Bank of Moorhead, Minnesota, as security to the officers signing the bail bond. The bond was released, and a like sum of money was paid to defendants by a Minneapolis draft and afterwards paid. At no time after its deposit did the defendants have either actual or constructive possession of the money alleged to have been converted. Best v. Muir, 8 N. D. 44, 77 N. W. 95; Plano Mfg. Co. v. Jones, 8 N. D. 315, 79 N. W. 338.

FISK, Special Judge. This action was brought in the district court of Cass county to recover the sum of $1,500 and interest, which sum plaintiff claims was intrusted to the defendants in December, 1901, for the purpose of securing bail for one Blanchard, who was at that time in the custody of the sheriff of Clay county, Minnesota, charged with a public offense, and was to be returned to plaintiff when such bail was exonerated; that said money was so used by the defendants, but that subsequently defendants caused said Blanchard to be surrendered and the bail exonerated, and received said bail money, or its equivalent, back into their possession, and refused, upon demand, to pay the same to plaintiff, and appropriated the same to their own use. The defendants answered jointly, admitting the receipt of the $1,500, and alleging that they deposited the same in a bank in Moorhead to indemnify against liability certain persons who became sureties upon a bail bond given for the release of said Blanchard from custody; and they allege that thereafter, and on May 21, 1901, at plaintiff's request, they caused said Blanchard to be surrendered and the bail exonerated,

whereupon the sum of $1,500, in the form of a bank draft, was paid to them, upon which they received said sum of money. They seek to justify their retention of all this money, with the exception of the sum of $107.75, which they concede is due plaintiff, by alleging that the plaintiff employed them as attorneys to defend the said Blanchard against the charge for which he was arrested; and in a very voluminous answer they set forth a great mass of evidentiary facts, stating in detail each item of services claimed to have been performed and expenses incurred, with their charge therefor, followed with an allegation of the reasonableness of such charge; and they conclude by alleging "that all the items of said account, correctly entered therein, show a balance due said plaintiff of $107.75, and the said defendants have at all times been ready and willing to pay said sum to the plaintiff, and have repeatedly offered to settle said account by paying the balance thereof in cash to the plaintiff, and that the plaintiff has refused to accept such balance, and the said defendants now offer to pay said plaintiffs such balance, and hereby tender judgment to the plaintiff for said sum, and all costs up to the time of such tender herein incurred." And the answer contains a prayer for judgment as follows: "Wherefore defendants pray that the plaintiff may be awarded judgment for the sum of $107.75, and costs incurred to the time of the tender herein, and that the defendants have judgment for all the costs and disbursements herein after the date hereof." To the portion of the answer alleging that she employed the defendants to defend Blanchard, or that she agreed to pay them therefor, the plaintiff replied, denying the same, although such reply was unnecessary, there being no counterclaim in the answer. Upon the issues thus framed the parties went to trial before a jury, and a great mass of testimony was introduced by both parties relating to the questions involved under the pleadings as thus framed; and on the third day of the trial the record discloses the following statement made by the court: "The Court: Now at this time the court makes the following statement for the purposes of the record: This being an action in conversion, the court during the first day of the trial, called the attention of counsel to that fact, and asked whether it was sought to try the issue which might grow out of the value of attorneys' services and disbursements, in view of their defense that they did not convert the money, but had received it on account of services which they claim to have rendered the plaintiff at her

instance and request. At that time it was the general understanding that we would try the case, and try this issue as well as the issue of conversion. Now at this time counsel for the defense suggest and state that they propose to stand upon the pleadings, and the issue as presented thereby, viz., the simple question of conversion." The record is silent as to any acquiescence therein by plaintiff's counsel; nor does such statement show any ruling or order made by the court changing the issues theretofore framed by the pleadings, or in any way departing from the theory of the case adopted and pursued by all from the beginning of the trial until that time. The defendants' counsel did not ask to change the answer, but simply announced their construction of the same. There is nothing to show that either the court or plaintiff's counsel in any manner agreed with defendants' counsel as to such construction. And the record discloses that the trial thereafter proceeded to the close of the evidence the same as before such statement was made, but in his instructions to the jury the trial judge evidently adopted the theory of defendants' counsel, by instructing them, among other things, as follows: "This is an action in what is known in law as 'conversion.' The plaintiff claims that she intrusted to the defendants the sum of $1,500, to be used in securing bail for one Allen I. Blanchard, Jr., and which was to be returned to her if said Blanchard appeared for trial. The defendants admit the receipt of the money and its retention, but flatly deny the conversion. Upon the other hand, the defendants insist that the plaintiff employed them to defend the said Blanchard, and gave permission to retain the money to cover their attorney's fees and disbursements. * * * The burden of proof in this case is upon the plaintiff to show, by a fair preponderance of evidence, the conversion claimed. * * * Some evidence has been offered as to moneys advanced by plaintiff in the defense of young Blanchard; also as to the services they rendered for him. I say to you, gentlemen, this evidence has been offered simply to throw light upon the real question for you to determine, viz., did the defendants convert the $1,500? It has not been allowed for the purpose of your going into an accounting between these parties. If the defendants converted the money, that ends the matter. Plaintiff should recover the whole amount. If they did not, then the defendants must win. If any matters about fees are left in dispute, you are not called upon to settle that in this case. * * * In

the first place, I want to call your attention to the fact that you are not, in this lawsuit, trying the value of the services of Freerks, Bessie & Freerks, rendered to Allan I. Blanchard.  *  *  *  If there is any dispute upon the question of fees, as between Mrs. Logan and these defendants, you gentlemen have nothing to do with that whatever—not the slightest." In due time these instruc-tions were duly excepted to by plaintiff. The jury returned a general verdict in favor of the defendants; also made certain find-ings under the direction of the court. Thereafter a motion for a new trial was made and denied, and judgment entered in favor of defendants and against plaintiff, dismissing the complaint upon the merits, and for costs, and this appeal was taken from such judg-ment.

We are agreed that this judgment should be reversed and a new trial ordered. Counsel for defendants, as well as the trial court, evidently misconceived the nature of the action, and the scope of the issues tendered by the pleadings, and, starting from the false premise that it is an action in tort for conversion, have reached a conclusion which is palpably erroneous. The complaint merely sets forth the facts that plaintiff intrusted this money to de-fendants for a specific purpose, upon an agreement that the same was to be repaid when such purpose was fulfilled, and that there-after such purpose was fulfilled, and defendants received said money, and "converted the same to their own use, and have refused to pay the same to this plaintiff, though often demanded so to do." Does it necessarily follow from the use of such language in a com-plaint that the plaintiff is seeking to recover damages as for a conversion? We think not. We must not lose sight of the fact that under the Code of Civil Procedure the forms of all actions at law and suits in equity are abolished, and in this state there is but one form of action for the enforcement or protection of private rights and the redress of private wrongs. The Code provides that the complaint in such action, aside from the title and prayer for judgment, shall contain merely a plain and concise statement of the facts constituting a cause of action. Of course, the primary rights of the parties and their corresponding duties remain the same un-der the code procedure as before, but it is no longer possible to determine the nature of the cause of action by the form of the action or the form of the summons, as such forms are entirely abrogated, and we must look alone to the allegations of the complaint; and a

learned author has even gone to the extent of laying down the doctrine that under the reformed procedure a complaint properly drawn not only does not necessarily disclose whether the action is founded on tort or contract, but, if the provisions of the Code of Civil Procedure are strictly complied with, it would not disclose such fact. Pomeroy on Rem. & Remedial Rights, section 573. We find no adjudicated cases expressly indorsing this doctrine, and we refrain from expressing our approval or disapproval thereof, as the question is not involved herein. If the words "and converted the same to their own use" had been omitted from the complaint, no one would contend that the cause of action was other than one ex contractu, to recover for breach of the promise to repay the money, or to recover as for money had and received to plaintiff's use. We think that the intention of the plaintiff was to set forth in the complaint a cause of action ex contractu, and the words above quoted should be treated as surplusage. The allegation that defendants converted this money to their own use, and refused to repay the same to plaintiff, amounts simply to an allegation of defendant's breach of promise to return said money to plaintiff. See Austin v. Rawdon, 44 N. Y. 63, 68, 69, and Conaughty v. Nichols, 42 N. Y. 83.

But even if there could be a doubt as to the nature of the cause of action as disclosed by the complaint, still we think that defendants, by their answer, have placed it beyond their power to contend that the action is one in tort for conversion. By their answer they squarely tender the issue as to their employment by the plaintiff, and the value of their services rendered and expenses incurred, and they seek to offset the same against plaintiff's demand; and they even tender judgment to the plaintiff for a sum which they concede to be due her. They thereby, in effect, treat the action as an action based on contract, as such defense would be improper in an action based on tort. The plaintiff was entitled to have this action submitted to the jury upon the issues, not simply framed by her in the complaint, but the issues as tendered by the defendants themselves, because, assuming that the jury found that the plaintiff employed the defendants, it was within their province, under the issues as tendered by the defendants, to determine whether or not they should keep all this fund for their services and disbursements in behalf of Blanchard. The plaintiff accepted this issue as thus tendered by defendants, and there cer-

tainly could be no just reason why such issue should not be disposed of in this action.   That defendants tendered this issue by their answer is apparent from the fact that they allege each item of services claimed to have been performed, and the value thereof, and tender judgment in favor of the plaintiff for a balance which they concede to be due her.   The parties not only   adopted   this theory by their pleadings, but the same theory was adhered to throughout the trial, and a great amount of testimony was introduced relative to the value of the services performed and expenses incurred by defendants.   Counsel for respondents, as well as the trial court, however, take the position that all the new matter in the answer in regard to the employment of defendants by plaintiff, and the extent of the services performed, and the value thereof, simply amounts to a denial of the conversion alleged in the complaint.   On the third day of the trial such theory on the part of defendants' counsel was announced by the court, but, as we have said, no change was made in the answer, nor in the nature of the proof thereafter offered; and, if there had been, we would be obliged to hold that it would be error, unless the record shows that plaintiff either actually or impliedly consented thereto.   The record shows no such consent.

Even if the parties were all mistaken as to the scope of the issues, and proceeded to trial upon the theory that the cause of action was ex delicto and not ex contractu, still we think they should not operate to deprive them of the right to have the real issues submitted and determined, and such relief granted as the facts would warrant.   The   case   of   Conaughty v. Nichols, 42 N. Y. 83, is analogous on principle.   The action was brought against the defendants, who were factors, to recover the proceeds of produce assigned to them for sale by the plaintiff.   Plaintiff alleged in his complaint and proved upon the trial, among other facts, that he consigned to the defendants certain produce, to be sold by them, and the net proceeds to be remitted to him; that the defendants received and sold said property; and that after deducting all expenses of sale there was due the plaintiff the sum of $618, which he demanded of the defendants, who omitted and refused to pay the same.   The   complaint contained the following allegation: "And have converted the same to their own use to the damage of the said plaintiff in the sum of $618, for which said last-mentioned sum said plaintiff demands judgment against the defendants." De-

fendants' counsel contended that they were simply agents for the plaintiff, and were only liable in an action on contract, and were not liable in an action in tort, and that there was no conversion of plaintiff's property by defendants. The referee nonsuited the plaintiff upon the ground that the cause of action stated in the complaint was for a tort, and the proof established a cause of action upon contract; and Ingalls, J., in disposing of the case, said: "The plaintiff established a cause of action against defendants upon contract, and was entitled to recover the amount of his claim, unless the referee was correct in holding that the complaint contained but one cause of action, and that was for a tort. If the words 'and have converted the same to their own use' had been omitted in the complaint, it could not reasonably be contended that the same was not adapted to the cause of action established by the evidence. The case therefore seems to be reduced to the proposition whether the plaintiff, having alleged facts constituting a cause of action, and having sustained them by proof upon the trial, should have been nonsuited because the pleading contained an allegation adapted to a complaint in an action ex delicto, and which was unnecessary to be stated to justify a recovery on contract. We are of the opinion that no such rigid rule of construction in regard to pleadings should prevail under the liberal system introduced by the Code. It is not only contrary to the express provisions of the Code, but at variance with the decisions which have been made construing and enforcing the same. * * * And it is quite probable that the plaintiff intended, down to the trial, to recover against the defendants for a wrongful conversion of the proceeds of the sale of the property consigned to them; and doubtless the mistake should have been fatal, but for the ample statement of facts contained in the complaint, which justified a recovery on contract for the amount of his demand. It does not follow that because the parties go down to trial upon a particular theory, which is not supported by the proof, the cause is to be dismissed, when there are facts alleged in the complaint and sustained by the evidence sufficient to justify a recovery upon a different theory or form of action. There is no substantial reason why, under such circumstances, a party should be turned out of court and compelled to commence a new action; thereby occasioning expense, delay and multiplicity of suits to accomplish a just result. It is against the spirit and letter of the Code, and substantial justice is not pro-

moted thereby." To the same effect is Tugman v. National Steamship Co., 76 N. Y. 207.

From what we have here said it necessarily follows that the judgment must be reversed and a new trial ordered, and in view of the fact that nearly all the rulings on which the other assignments of error are based were predicated upon an erroneous theory as to the nature of the issues involved, and upon another trial most of such questions will not arise, we will but briefly notice two of the other assignments of error.

The trial court instructed the jury that the burden of proof was upon the plaintiff to establish the conversion alleged. This was technically correct if the action was for conversion, and if the answer amounted simply to a general denial, as was held; but in view of the new matter in the answer, which we think amounted to a confession and avoidance of the facts alleged in the complaint, this instruction was erroneous. By the answer, and especially by their proof, defendants, in effect, admitted the receipt of the money for a specific purpose, and sought to justify its retention for another purpose. We think the burden was upon them, instead of plaintiff, to show that they were employed by her to defend Blanchard, as claimed by them. If they were so employed, then the relation between them was at least analogous to that of attorney and client, and they owed her the same duty that they would owe to a client to exercise good faith and honesty in their transactions with her, at least so far as this fund in their hands belonging to her was concerned; and the same rule as to the burden of proof would govern in an action brought by her to recover such fund, whether such action is based upon contract or in tort. Hence we unhesitatingly hold that the trial court committed reversible error in charging the jury as to the burden of proof.

The defendant George W. Freerks was permitted, in giving his testimony, to use a certain ledger of account belonging to and kept by defendants, for the purpose of refreshing his memory as to the various charges made against the plaintiff for services performed and disbursements incurred. Plaintiff's counsel offered this book in evidence as a part of his cross-examination of this witness, but such offer was objected to, and the objection sustained, and plaintiff assigns this as error. We think such offer should have been received. The witness having used the ledger to refresh his memory regarding the account against plaintiff, it was plaintiff's right

to have the same go before the jury, and to have the jury draw therefrom such deductions as the entries therein might warrant.

For the foregoing reasons, the judgment appealed from is reversed, and a new trial ordered. All concur.

ENGERUD, J., having been of counsel in the court below, took no part in the decision; Judge C. J. FISK, of the First Judicial District, sitting by request.