ALBERT PETERSON, Appellant, v. KARL V. SWANSON and Helen Morton, Respondents.

(167 N. W. 389.)

**Pleading — complaint — basis of action — cause of — facts only stated — demurrer — office of — trial of case — objections first raised on — not looked upon with favor — legal rights and remedies.**

The basis of every action is a complaint, which should state in a plain and concise manner the facts constituting a cause of action. When a complaint wholly fails to state a cause of action, the proper practice is to demur to it, so that before trial the court may pass upon the sufficiency of the complaint

and settle the issues to be tried. Objections to a pleading merit no favor when first made on the trial of the case.

The law does not favor a trip-up practice or the denial of legal rights and remedies because of defects in a complaint which may be amended.

Opinion filed April 6, 1918.

Appeal from the District Court of Traill County, Honorable *A. T. Cole,* Judge.

Plaintiffs appeal.

Reversed and remanded.

*Hjort & Acker (M. A. Brattland,* of counsel), for appellant.

A party cannot be sent out of court merely because his facts do not entitle him to relief at law, or merely because he is not entitled to relief in equity, as the case may be. Such treatment only follows when it clearly appears that he is entitled to no relief of any kind. Grain v. Aldrich, 38 Cal. 514, 99 Am. Dec. 425; Peters v. Foss, 20 Cal. 587; People v. Loewy, 29 Cal. 264.

Where a complaint is assailed for the first time by a general objection upon the trial, every presumption will be indulged in favor of the pleading. Morris v. Occident Elev. Co. 33 N. D. 447; Guild v. More, 32 N. D. 451.

If this were not a case properly triable in a court of equity, such objection was waived by respondent because not timely made.

"An action may not properly be brought in a court of equity and yet its judgment therein is not necessarily null and void, unless objection be made by the defendant at the commencement of the action." Cummings v. Mayor etc. 11 Paige, 596; Bank of Utica v. Mersereau, 3 Barb. Ch. 528; Creely v. Brick Co. 103 Mass. 514.

The amendments to the complaint as offered by appellant were reasonable and in accord with the general rule. They did not inject new causes, nor was there anything to cause surprise on the part of respondent, and under that discretion vested in the trial court such amendments should have been allowed, and their disallowance was an abuse of discretion. Webb v. Wegley, 19 N. D. 610; Holler v. Amodt, 31 N. D. 19 and cases cited; Comp. Laws 1913, § 7482.

Where one not having the right redeems property from a chattel mortgage sale, it is conclusively presumed that he acted as agent and

trustee for the person lawfully entitled to exercise such right. An involuntary trust comes into existence under such circumstances. Perry, Tr. & Trustees, 181; Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; Gates v. Kelley, 15 N. D. 639, 110 N. W. 770; Yerkes v. Crum, 2 N. D. 77, 49 N. W. 422; Henry v. Raiman, 25 Pa. 354, 64 Am Dec. 703; Baker v. Humphrey, 101 U. S. 494, 25 L. ed. 1065; Downard v. Hadley, 116 Ind. 131, 18 N. E. 457; Comp. Laws 1913, § 2673; Bowler v. First Nat. Bank, 21 S. D. 449, 130 Am. St. Rep. 725; Centerville v. Turner County, 25 S. D. 300, 126 N. W. 605; Barr v. O'Donald, 76 Cal. 469; 39 Cyc. 172; Currie v. Look, 14 N. D. 482; Prondzinski v. Garbutt, 10 N. D. 300; McNew v. Brown, 42 Mo. 189; Henry v. Brown, 8 N. J. Eq. 245; Morris v. Vyse, 145 Mich. 253; Bragg v. Hartney, 92 Ark. 55; Barnes v. Thuet, 116 Iowa, 359; Magniac v. Thomson, 15 How. 281; Mathews v. Ins. Co. 75 Ala. 85.

But there was an express agreement between the parties as set out in paragraph 5 of the complaint, and therefore when such so-called redemption was made, a voluntary trust was brought into existence. Comp. Laws 1913, § 6272; Paine v. Paine, 12 L.R.A.(N.S.) 547.

All other objections having been waived, the objection to the complaint here made should have been taken by demurrer, so as to enable the court below to determine the question of its sufficiency and to settle the issues to be tried. Code. Civ. Proc. art. 2, chap. 8; Comp. Laws 1913, §§ 7442, 7447; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Norton v. Colegrove, 41 Mich. 544, 3 N. W. 150; Barton v. Grey, 48 Mich. 164, 12 N. W. 30; Whittlesey v. Delaney, 73 N. Y. 571; Lounsbury v. Purdy, 18 N. Y. 515.

The right of redemption in plaintiff is clearly pleaded; the want of right or authority to redeem in defendant is also set forth. Therefore the interest of plaintiff is sufficiently pleaded. 1 Pom. Eq. Jur. 402; Baumen v. Bean (Mich.) 23 N. W. 451; Lamb v. Jaffery, 41 Mich. 719, 3 N. W. 204; Burke v. Wilber, 42 Mich. 327, 3 N. W. 861; Swenson v. Swenson (S. D.) 97 N. W. 845; Sherwood v. Sioux Falls (S. D.) 73 N. W. 913; Jenkinson v. Vermillion, 3 S. D. 238, 52 N. W. 1066; Anderson v. Alseth, 6 S. D. 566, 62 N. W. 435; Whitbeck v. Sees (S. D.) 73 N. W. 915; Stutsman County v. Mansfield, 5 Dak. 78, 37 N. W. 304.

The American state courts do not derive their equitable powers as

they do their common-law functions, as a part of the entire common-law system of jurisprudence which we have inherited from England, and which is assumed to exist even independently of legislation.

"Their equitable jurisdiction is wholly a creature of statute, and is measured in each state by the extent and limitations of the statutory authority." 1 Pom. Eq. Jur. 282.

Under our statute there is distinction between action at law and suits in equity. 1 Pom. Eq. Jur. 375; McDonald v. O'Neil, 113 Mass. 92; Mitchel v. Read, 61 N. Y. 123, 19 Am. Rep. 252; Moore v. Craw-ford, 130 U. S. 122.

The facts here urged, however, address themselves peculiarly and exclusively to a court of equity and invoke the power of that court to extend complete relief. Patterson Land Co. v. Lynn, 27 N. D. 391; Combs v. Little (N. J.) 40 Am. Dec. 207; Laing v. McKey, 13 Mich. 124; Beattey v. Brumet, 94 Ind. 76; Jasper v. Hazen, 1 N. D. 750; Wingate v. Ferris, 50 Cal. 105.

It is a general principle that where confidence is reposed and that confidence is abused, courts of equity will grant relief. 10 R. C. L. §§ 68, 100, pp. 326, 350; Hiberger v. Stiffler, 83 Am. Dec. 593; Pom. Eq. Jur. § 1053; Comp. Laws 1913, § 6280.

*Theo. Kaldor,* for respondent.

"It is true that distinctions between actions, so far as the form of action is concerned, have been abolished, but whether the facts so alleged constitute any cause of action at all is to be determined by the substantive law, and this law has not been changed." Black v. M. & N. Elev. Co. 7 N. D. 124, 73 N. W. 90; Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343.

"In alleging fraud it is well settled, both at law and in equity, that the mere general averment, without setting out the facts upon which the charge is predicated, is insufficient. These facts should be set forth clearly and concisely, so as to apprise the opposite party of what he is called upon to answer." 9 Enc. Pl. & Pr. p. 686; Bothomley v. Squires, 1 Jur. N. S. 694; Cohn v. Goldman, 76 N. Y. 284; Hoon v. Hoon, 126 Iowa, 391, 102 N. W. 105; Estee, Pl. 4th ed. §§ 2748, 2749, 2752; Kent v. Snyder, 30 Cal. 666; Ockendon v. Barnes, 43 Iowa, 615; Magniac v. Thomson, 15 How. 281; Estep v. Armstrong,

69 Cal. 536; Rolfes v. Russell, 5 Or. 400; Lawrence v. Montgomery, 37 Cal. 183.

"A fraudulent intent should be averred in pleading a charge of fraud, and the facts relied upon as constituting the fraud, must be pleaded. Estee, Pl. 4th ed. §§ 2752, 2886; Case v. Codding, 38 Cal. 193; 2 Story, Eq. Jur. § 1201; 39 Cyc. 112; Taylor v. Boardman, 24 Mich. 287; Taylor v. Klamp, 51 Neb. 17, 70 N. W. 525; Nagengast v. Aly, 93 Md. 522, 49 Atl. 33.

A material fact, not alleged, is presumed not to exist. Stillings v. Van Allstine (Neb.) 89 N. W. 756; Cooke v. N. P. R. Co. 22 N. D. 266, 133 N. W. 303.

There is no voluntary trust shown. There is no allegation that plaintiff requested either of the defendants to redeem the property from the sale, or that there was any such agreement existing between them. Churchill v. Howe (Mich.) 146 N. W. 623; Jasper v. Hazen, 1 N. D. 750, 51 N. W. 584.

The complaint shows that the sale occurred in 1914 and this suit was not instituted for fifteen months thereafter.

The plaintiff is guilty of such laches as will bar a recovery here. McDermid v. McGregor, 21 Minn. 111; Allen v. Allen, 47 Mich. 74; McGrew v. Foster, 113 Pa. 642.

No reasons are assigned in the complaint for such delay. Sterns v. Page, 1 Story, 204; Landsdalle v. Smith, 106 U. S. 391; Walker v. Ray, 111 Ill. 315; Hollinger v. Reeme, 138 Ind. 363; Birdsall v. Johnson, 44 Mich. 134; Re Holden, 37 Wis. 98; Haskin v. Fisher, 125 U. S. 217.

"The objection of laches may be made by the parties at the hearing or may be raised or the laches taken notice of by the court on its own motion." Lakin v. Sierra Gold Min. Co. 25 Fed. 337; Coon v. Seymour, 71 Wis. 340; Espy v. Comer, 76 Ala. 501; Haskell v. Bialey, 22 Conn. 574; Goodson v. Goodson, 140 Mo. 206; Smith v. Thomson, 7 Gratt. 112; Muffett Co. v. Peoria Co. 83 Hun, 73; Raymonds v. Flavel, 27 Or. 219.

There is no consideration shown for the alleged oral agreement. No consideration is presumed, except when a written instrument is pleaded and relied upon. Nothing of this sort appears here. 4 Enc. Pl. & Pr. p. 928; Comp. Laws 1913, §§ 5837, 5851.

39 N. D.—20.

The reason assigned by the trial court for its decision is immaterial. It is only important that the court's ruling is correct. Comp. Laws 1913, § 7447, 8 Enc. Pl. & Pr. 198.

ROBINSON, J. When this case was called for trial and a witness sworn, the court sustained an objection to any evidence on the ground that the complaint does not state a cause of action. Motions to amend were objected to and denied, and judgment was given that the action be dismissed, without prejudice to an action at law for damages.

In this state the distinction between actions at law and suits in equity are abolished. There is but one form of action for the enforcement of private rights and the redress of private wrongs, which is named a civil action. There is no form of pleading, and yet the basis of every action is a complaint, which should state in a plain and concise manner the facts constituting a cause of action.

When a complaint wholly fails to state a cause of action, the proper practice is to demur to it, so that before trial the court may pass upon the sufficiency of the complaint and settle the issues to be tried. Objections to a pleading merit no favor when first made on the trial of the case.

In this case the complaint is not well framed, and yet it shadows forth a cause of action against defendant Swanson. It gives this impression, that on November 21, 1912, the plaintiff and John O. Melberg owned a threshing outfit worth $2,000, on which they made a chattel mortgage to Ole Larson to secure $265, and interest. Ole Larson transferred the mortgage to H. D. Reed, and the mortgagor, John Melberg, transferred his interest in the property to defendant Swanson, who took the place of the mortgagor, so that he and the plaintiff became common owners of said mortgaged property. That on October 31, 1914, under a power of sale in said mortgage, H. D. Reed caused the same to be foreclosed by a sale of the property to himself for the sum of $537.50. And that within five days after the sale, defendant Swanson, claiming under a transfer by said mortgagor, redeemed the property from the sale by paying to H. D. Reed the sum of $537.50. That under such redemption, which was merely a payment of the mortgage, defendant Swanson now wrongfully claims to own said property, and denies that the plaintiff has any title or interest therein. That for

nearly two years prior to the sale Swanson had used the property to do threshing for Helen Morton and for others, and from such use he had received large sums of money, amounting to the sum of $1,500, or more, the amount being unknown to the plaintiff; and that from the money so received he promised and agreed with the plaintiff to pay said mortgage debt, and to protect the property against any foreclosure, and to account for and pay to the plaintiff his share of said money, —all of which he has failed to do. Such is the general outline of the cause of action as shadowed forth by the complaint. There is no apparent reason why Helen Morton should be a party to this action. The law does not favor a trip-up practice or the denial of legal rights and remedies because of defects in a complaint which may be amended. Hence, it is ordered that the judgment be reversed, with costs of the lower court to abide the event of the suit, and the case remanded for trial on an amended complaint to be served within thirty days after the filing of the remittitur. Appellant will recover costs on this appeal.

Reversed and remanded.