JOHN KAUTZMAN, Respondent, v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA., a corporation, Appellant.

(189 N. W. 325.)

**Pleading — complaint so framed as to state cause of action on more than one legal theory not subject to demurrer because not stating fact sufficient to constitute cause of action.**

Where a complaint is so framed as to state a cause of action or causes of action upon more than one legal theory, a demurrer to the com-

plaint on the ground that it does not state facts sufficient to constitute a cause of action should be overruled.

Opinion filed March 6, 1922. Rehearing denied July 8, 1922.
Appealed from the District court of Hettinger county, *Berry J.*
Appealed from an order overruling a demurrer.

Order affirmed.

*Sullivan, Hanley & Sullivan,* for appellant.

"The mere fixing of the amount of loss is not, of itself, an admission that any liability exists against it upon such policy and *does not raise an implied promise to pay.*" 2 Wood Fire Ins. ¶ 450 Willoughby v. St. Paul German Ins. Co. (Minn.) 71 N. W. 272.

"To result in a contract, an offer must be certain. The parties must make their own agreement and not leave it to the court to construct one for them." 9 Cyc. 248.

So it has been held that the following agreements have been held void for uncertainty.

"A promise by debtor to pay more if he could afford it." Clark v. Pearson, 53 Ill. App. 310.

A promise to make "advances" without specifying any sum. Gafford v. Broskauer, 59 Ala. 264.

A promise to rent land to another on his paying the same rent that the promisor might be able to obtain from other parties. Gilston v. Sigmund, 27 Md. 334.

A testator promised to leave a child something at his death. No amount was specified. There was nothing by which the amount could be ascertained. The contract was held too indefinite to support an action. Freeman v. Morris, et al. (Wis.) 109 N. W. 982.

*V. H. Crane,* for respondent.

When pleadings are so indefinite and uncertain that the precise nature of the charge is not apparent, the proper procedure is by motion to make more definite and certain. Section 7459 C. L. 1913.

Forms of action are abolished. Section 7439 C. L. 1913.

Where the demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action, the demurrer must be overruled and the complaint sustained if it states a cause of action

upon any theory of the case. Darrah v. Boyce, 29 N. W. 102; Hemmingway v. Poucher, 98 N. Y. 281; Abbott's Trial Brief, Vol. 1, p. 181, 183.

If the pleading states facts constituting a cause of action unnecessary allegations cannot make the pleading bad on demurrer. Abbotts Trial Brief, Vol. 1, p. 193, ¶ 137.

A consideration is necessary to make the accord and satisfaction valid. 1 C. J. 528, ¶ 14; Brief, 1 L. R. A. 303.

Though the parties to an accord are bound to execute it, yet it does not extinguish the obligation until it is fully executed. Section 5826, C. L. 1913; 1 C. J. 572; Lehde v. Nat'l Union. Fire Ins. Co., 180 N. W. 56; 1 C. J. 530, ¶ 17; 533, ¶ 21; Hayes v. Mass. Mut. Life Ins. Co., 1 L. R. A. 303.

BIRDZELL, J. This is an appeal from an order overruling a demurrer to the complaint. In the complaint it is alleged that, in consideration of the payment of a premium of $245, the defendant issued to the plaintiff its policy of insurance insuring him against loss or damage on account of failure of his crops due to "hail or any cause except fire, floods, winterkill, or failure on the part of the plaintiff to properly prepare the ground for seeding, and properly seed, care for, protect, and harvest said crops during the season of 1917, not to exceed $7 per acre for total loss," etc.; that the plaintiff performed and complied with all the terms and. conditions of the policy on his part; that the crops covered by the policy were partially destroyed and damaged from causes within the policy risk; that the damage or loss was adjusted between the plaintiff and defendant at the sum of $1240 that after the loss has been so adjusted an adjuster of the defendant represented to the plaintiff that the defendant company was in financial difficulties on account of its liabilities occasioned by heavy losses to policy holders; that the company had determined the percentage of losses it was able to pay, and that, if the policy holders were not willing to accept the amount so determined in full settlement of such losses, the company would be forced into bankruptcy; that the company was then bankrupt, and; if forced into bankruptcy, a policy holder suffering losses would get little or nothing, and that the said company was only able to pay 50 per cent. of the loss to policy holders, and, in the event the company found it could pay more, and did pay more to other policy holders in settlement of losses, it would pay the plaintiff more"; that, relying on representations so made, plaintiff was

induced thereby to agree to accept in settlement of his loss the sum of $620 and a promise to pay more in the event the company found it could and did pay more to other policy holders; that thereafter the defendant paid the plaintiff the sum of $620, whereupon plaintiff surrendered his policy; that the statements and representations were false and untrue; that the promise of the agent that the company would pay more in the event it later could pay more, and did pay more to other policy holders, was made without any intention of being kept or performed, and for the purpose and with the intent of cheating and defrauding the plaintiff by inducing him to accept less than the amount of the debt owing to him by the defendant that in fact the company was not in financial difficulties—was not bankrupt; that it was able to pay its losses to the policy holders in full; that it did not contemplate going into bankruptcy; that the company was able to pay more than 50 per cent. of the losses, and did pay more to policy holders who would not accept the amount offered by the agent and adjuster; that, after the plaintiff had agreed to accept $620, and the promise of the agent to pay more as alleged, the agent and adjuster of the defendant presented to the plaintiff a paper printed and written in English, and, upon the statement by the plaintiff that he could not read English, the agent stated that the same contained and was the agreement made between the plaintiff and the agent; that it was necessary for the plaintiff to sign the same in order to get his money; that the plaintiff is informed and believes that the paper so signed did not contain the terms of the settlement, but that the same purports to be an accord and satisfaction of the disputed claim and a release of the company from liability; that the recitals therein are false and untrue; that the agent of the defendant obtained the plaintiff's signature to the said paper in furtherance of the design to cheat and defraud the plaintiff, and well knowing that the plaintiff could not read the same, and well knowing the plaintiff's belief that the same contained the oral agreement of settlement entered into; that, by reason of the deceit and false representations the plaintiff has been damaged in the sum of $620, with interest thereon at the rate of 6 per cent. per annum from the 19th day of December, 1917. Wherefore, plaintiff prays judgment against the defendant for the sum of $620, with interest, etc.

The demurrer is a general demurrer, the only ground being that the complaint fails to state facts sufficient to constitute a cause of action. Upon this appeal the appellant says that the complaint must stand or fall on one of three theories, viz.:

(1)   As a suit on a contract of insurance in which the plaintiff has anticipated the defense of settlement by alleging false representations for the purpose of setting it aside.

(2)   As an action on an accord seeking to recover the unpaid portion thereof.

(3)   As an action for damages sustained by reason of false representations inducing a settlement.

As we read the brief of the appellant, it seems to be assumed that upon this appeal the respondent should be put to an election or the demurrer sustained as to one or more of the causes, so that the defendant will be better able to answer. The only question here for decision is whether or not the complaint states facts sufficient to constitute a cause of action. 31 Cyc. 289, 290. We are clearly of the opinion that it does. Lehde v. National Union Fire Insurance Co. (N. D.) 180 N. W. 56. By a demurrer on the sole ground that the complaint does not state facts sufficient to constitute a cause of action, the plaintiff is not put to an election between the different causes of action alleged. 31 Cyc. 277, 278; 6 Ency. Pl. & Pr. 318, 319, 340, 341. Neither is the court concerned with the plaintiff's theory or theories as to his right to recover provided a cause of action is sufficiently stated.

Order affirmed.

CHRISTIANSON, ROBINSON, and BRONSON, JJ., concur.

GRACE, C. J., disqualified, did not participate.