## DOE *vs.* ROE.

### York.    Opinion March 27, 1890.

82    503
f92    192

*Married Woman.    Crim. con.*

A wife can not maintain an action against another woman, for debauching and carnally knowing her husband.

ON EXCEPTIONS.

The defendant demurred to the declaration which charged her with having alienated the affections of plaintiff's husband, etc.

*James A. Edgerly,* for plaintiff.

*W. L. Putnam and W. S. Pierce,* for defendant.

WALTON, J.    This is an action by a married woman against another woman.    The plaintiff has alleged in her declaration that the defendant debauched and carnally knew her husband, thereby alienating his affection and depriving her of his comfort, society, and support.

The question is whether such an action is maintainable.    For such a wrong the law does not leave the injured wife without redress.    She may obtain a divorce and a restoration of all her property, real and personal, and in addition thereto, alimony or an allowance out of her husband's estate.    And the law will punish the guilty parties criminally.    But does the law, in addition to these remedies, secure to her a right of action to recover a pecuniary compensation from her husband's paramour?    We think not.    We have been referred to no reliable authority for the existence of such a right, and we can find none.

It is true that a husband may maintain an action for the seduction of his wife.    But such an action has grounds on which to rest that can not be invoked in support of a similar action in favor of the wife.    A wife's infidelity may impose upon her husband the support of another man's child.    And what is still worse, it may throw suspicion upon the legitimacy of his own

children: A husband's infidelity can inflict no such consequences upon his wife. If she remains virtuous, no suspicion can attach to the legitimacy of her children. And an action in favor of the husband for the seduction of his wife has been regarded as of doubtful expediency. It has been abolished in England. (Bouv. Dict., title, Crim. Con.) And the trials we have had in this country of such actions are not very encouraging. They seem to be better calculated to inflict pain upon the innocent members of the families of the parties than to secure redress to the persons injured. And we fear such would be the result if such actions were maintainable by wives. Such a power would furnish them with the means of inflicting untold misery upon others with little hope of redress for themselves. At any rate, we are satisfied that the law never has, and does not now, secure to wives such a power, and if it is deemed wise that they should have it, the legislature and not the court must give it to them.

> *Exceptions overruled.*
> *Demurrer sustained.*
> *Declaration adjudged bad.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.