## GESSNER v. HORNE.

(132 N. W. 431.)

**Joinder of causes in complaint — motion to require separation.**

1. Complaint construed, and *held*, that its allegations are sufficiently broad to embrace not only a cause of action for alienation of affections, but also one for criminal conversation; and the fact that such causes of action are intermingled, instead of separately pleaded, cannot avail defendant.  His remedy was, by motion to require a separation of such causes of action.

**Criminal conversation — relief under pleadings.**

2. Conceding, as contended by respondent, that plaintiff's counsel in drafting such pleading did not intend to allege a cause of action for criminal conversation, such fact does not preclude plaintiff from recovery thereunder.  The fact that a party proceeds to trial upon a mistaken idea as to the nature of an action and the scope of the issues framed by the pleadings does not deprive him of the right to such relief as is consistent with the real issues and the proof in the case, where he has not expressly or impliedly waived such right.

Opinion filed September 6, 1911.

Appeal from District Court, Ramsey county; *John F. Cowan, J.*

Action by Charles C. Gessner against Arthur Horne. Judgment for defendant, and plaintiff appeals.

Reversed.

*Anderson & Traynor* and *Guy C. H. Croliss,* for appellant.

*P. J. McClory* and *F. T. Cuthbert,* for respondent.

FISK, J. This is an appeal from a final judgment in defendant's favor based on the verdict of a jury. Counsel disagree as to the nature of the action; appellant's counsel contending that it is an action for criminal conversation, while respondent's counsel, on the other hand, insist that it is an action merely for alienation of affections. The trial court took the latter view, and instructed the jury accordingly. Proper exceptions to the rulings of the court were preserved, and such rulings clearly constitute reversible error if, as contended by appellant, the allegations of the complaint are broad enough to include a cause of action for crim. con. Whether, as argued by appellant's counsel, it is proper to speak of alienation of affections and crim. con. as separate and independent causes of action, we need not determine.

Conceding the correctness of the contention of respondent's counsel on this phase of the case, it by no means follows that the ruling complained of was correct, for it is not questioned that both of such causes of action may properly be united in one complaint; and the fact that they are not separately stated is not fatal. The remedy in such case would be by motion to require a separation of such causes of action. The pivotal question is, Can the complaint, when properly construed, be held to state a cause of action for crim. con. ? Are its allegations broad enough to cover such cause of action, as well as a cause of action for alienation of affections ? Respondent's counsel assert that the intention of the pleader was merely to allege alienation of affections, and in proof of this they point to the evident fact that the pleader took for his model the complaint in King v. Hanson, 13 N. D. 85, 99 N. W. 1085, wherein Judge Young, in writing the opinion, characterized the action as one for alienation of affections. Such argument is entitled to but little weight, for in King v. Hanson no question was raised or considered involving the nature of the cause or causes of action, and the expression of Judge Young, as aforesaid, does not rise even to the dignity of *obiter dictum.* Nor are we favorably impressed with respondent's argument

that the King-Hanson complaint must have been merely for alienation of affections, for the alleged reason that the wife could not maintain an action for crim. con.? Counsel say: "No one would claim that a wife can recover in a crim. con. action against one having adultery with her husband,"—citing 8 Am. & Eng. Enc. Law, 261, and Doe v. Roe, 82 Me. 503, 8 L.R.A. 833, 17 Am. St. Rep. 499, 20 Atl. 83. While not very material and in no manner controlling, we suggest that a careful reading of the citation to the Encyclopedia of Law and the following page will show that the rule in those states where the rights of married women have been enlarged is the reverse of what counsel contend for; the rule of the common law having been abrogated in this respect. The case of Doe v. Roe, supra, merely voices the rule of the common law.

The complaint in the case at bar, so far as material to the present inquiry, is as follows:—

"(3) That during the fall of 1905, or about said time, the defendant seduced the plaintiff's said wife, and that from that time and at various times up to and until about the 1st day of October, 1907, at Penn, North Dakota, Devils Lake, North Dakota, and St. Paul, Minnesota, and elsewhere, the defendant, knowing the said Annie Gessner was plaintiff's wife, wrongfully, wickedly, and maliciously contriving and intending to injure plaintiff, and to deprive him of the comfort and society, aid, and affection of his said wife, maliciously, by means of presents of a diamond ring, jewelry, money, buggy rides, trips, and other means, enticed plaintiff's wife away from plaintiff and her said children at Penn, aforesaid, and wrongfully, maliciously, and wickedly induced, caused, persuaded by the means aforesaid and at said times, plaintiff's wife to commit adultery with him, the said defendant, and live in adultery at said places.

"(4) That in consequence thereof and by means of the arts, wiles, and inducements of the said defendant, and caused solely thereby, the said Annie Gessner, plaintiff's wife, did during the month of July, 1907, at Penn, North Dakota, desert and abandon the said plaintiff, their said home, and their children, which desertion and abandonment of said plaintiff and children has ever since continued, and the plaintiff's said wife and the defendant since said desertion, as plaintiff is informed and verily believes, resided together at St. Paul, Minnesota, a

short period during the month of September, 1907, and while so residing there lived together in adultery.

"(5) That plaintiff's said wife has wholly abandoned the plaintiff and his children by reason of the arts, wiles, and inducements of said defendant, whereby the affection of said wife has been wholly alienated and destroyed, and the plaintiff has ever since been and is now deprived of the comfort and society, assistance, love, and affection which he otherwise would have had, and by reason of the wrongful acts of the defendant aforesaid has suffered great distress of body and mind, and his domestic peace and happiness have been forever destroyed, and is damaged in the sum of $25,000."

Notwithstanding the ingenious argument of respondent's counsel, which we have carefully considered, we are impelled to the conclusion that the complaint is broad enough to charge defendant with criminal conversation with plaintiff's wife. Paragraph 3 alleges, in effect, that defendant in the fall of 1905 seduced plaintiff's said wife, and at various other times therein mentioned he maliciously enticed her away from plaintiff, and wrongfully and maliciously induced, caused, and persuaded her to commit adultery with him, the defendant, and live in adultery with him at various designed places. If this is not a sufficient charge of crim. con., we are at a loss to understand why. Counsel for respondent contends that the word "seduced," as used in said paragraph, does not mean that defendant had sexual intercourse with plaintiff's wife. Such argument is based on the fact that later in the paragraph it is alleged that by means of presents, etc., defendant enticed plaintiff's wife away from plaintiff, and persuaded her to commit adultery and live in adultery with him. Does the fact that defendant, in the fall of 1905, succeeded in debauching this female, foreclose the idea that at subsequent dates he may have, through the means and inducement mentioned, procured her to commit like acts and also to live with him in adultery? But counsel are clearly in error in the construction which should be given to the word "seduced," as used in said paragraph. See State v. Bierce, 27 Conn. 319, and Hart v. Knapp, 76 Conn. 135, 100 Am. St. Rep. 989, 55 Atl. 1021.

We quote from the opinion in the first case: "The word 'seduce,' . . . when it is used with reference to the conduct of a man towards a female . . . is universally understood to mean an enticement

of her on his part to the surrender of her chastity, by means of some art, influence, promise, or deception calculated to accomplish that object, and to include the yielding of her person to him. . . . The word 'seduction,' used in reference to a man's conduct towards a female, *ex vi termini* implies sexual intercourse between them. Everyone understands, when it is said of a man that he has 'seduced' a particular female, that he has had such intercourse with her." We deem it too clear for serious doubt that, standing alone, paragraph 3 charges both an enticement away of plaintiff's wife and a defilement of the marriage bed. The fact that defendant committed these wrongs with the double intent, as alleged, of injuring plaintiff, and of depriving him of the comfort and society, aid, and affection of his said wife, does not lessen or tend to restrict the wrongs thus alleged to that of mere alienation of affections. Respondent's counsel did not seriously contend in oral argument that the above construction is not justified when paragraph 3 is alone considered; but they contend that paragraph 4 is and should be a part of paragraph 3, and that, when construed together, a clear intent is manifested to allege merely alienation of affections. We are unable to see how paragraph 4 tends in the least to modify or restrict the charges contained in paragraph 3. It is, in substance, therein alleged that, in consequence of the wrongful acts in paragraph 3. set forth, plaintiff's wife deserted and abandoned plaintiff and her home. Paragraph 5 realleges such abandonment, and also the alienation of her affections, and concludes by alleging that by reason of such wrongful acts of defendant (enticement, alienation of affections, and adultery) plaintiff has suffered great distress of mind, to his damage, etc. Surely the complaint in the case at bar is sufficient to charge criminal conversation, if, as was held in Hollister v. Valentine, 69 App. Div. 582, 75 N. Y. Supp. 115, the complaint in that case was sufficient. There plaintiff was held to have waived the right to recover on such ground, but in the case at bar no such waiver was made.

Our conclusion is that the complaint not only charges enticement of plaintiff's wife and alienation of her affections, but it also charges, and it was the intention to charge, criminal conversation between defendant and this woman. But even conceding, as contended by appellant's counsel, that it was not the intention of the pleader to charge defendant with criminal conversation with plaintiff's wife, still plain-

tiff would have the right to rely thereon as a ground of recovery. "The fact that a party proceeds to trial upon a mistaken idea as to the nature of an action and the scope of the issues framed by the pleadings does not deprive him of the right to such relief as is consistent with the real issues and the proof in the case." Logan v. Freerks, 14 N. D. 127, 103 N. W. 426. The necessary facts to constitute each of these infringements of plaintiff's marital rights having been pleaded in the complaint, we feel required to hold that plaintiff had the right to rely on any of such causes of action, which the evidence tended to establish, and that on the issue of crim. con. there was evidence sufficient to require its submission to the jury.

Judgment reversed, and new trial ordered.

MORGAN, Ch. J., took no part in the decision; Honorable A. G. BURR, of the Ninth Judicial District, sitting by request.