[File No. 6001.]

DAVID C. JONES, William B. Bosworth, Lambert Roesch, Elmore S. Jenkins, Claude D. Simpson, Sam E. Olson, and N. R. Strand, and All Others Who Were Stockholders of the Farmers & Merchants State Bank of Ada, Minnesota, a Banking Corporation, Prior to April 7, 1926, Appellants, v. JAMES GRADY and Helmer C. Aamoth, Respondents.

(243 N. W. 743.)

Opinion filed June 30, 1932.

*J. E. Hendrickson, C. G. Dosland* and *Brattland & Brattland,* for appellants.

*Shure & Murphy,* for respondents.

Nuessle, J. Plaintiffs sue to recover damages on account of the breach of a written contract. This is an appeal from an order of the district court of Cass county sustaining in part a demurrer to the complaint.

The complaint sets forth that the action is brought by the present plaintiffs in their own behalf and for all others who were the stockholders of the Farmers & Merchants State Bank of Ada, Minnesota, on April 5, 1926. It further appears from the allegations of the complaint that the Farmers & Merchants State Bank of Ada was a Minnesota banking corporation; that the named plaintiffs and others were the stockholders thereof; that the bank was in difficulties; that on account thereof the named plaintiffs on the 5th of April, 1926, entered into a written contract with the defendants, designated as Exhibit A, and attached to and made a part of the complaint. By the terms of this contract the named plaintiffs agreed to transfer to the defendants all of the 300 shares of stock of said bank and pay to the defendants the sum of $40,000 in money or such other medium as might be satisfactory to

the defendants. In consideration whereof the defendants agreed to receive and take over the said stock and thereunder enter into the control and possession of the bank, to refinance it, keep it open and doing business and properly conduct and manage it, to assume all liability to the depositors as shown by the books of said bank on that date "and also to assume all liability to state, county and city depositors on depositary bonds executed by the first parties (plaintiffs) and now in force, and to save them harmless from liability on such bonds, but to save trouble and delay the first parties are to formally remain bound on said bonds until they expire." This contract further provided that "It appearing . . . that the first parties (plaintiffs) may be unable to procure from the present owner some ten shares of the capital stock of said bank, it is understood and agreed by and between the parties that the second parties (defendants) shall not insist upon the delivery of such ten shares if the delivery thereof is not reasonably possible." The complaint further alleges that the contract was executed and performed by the plaintiffs and pursuant to its terms the bank stock was at once transferred and delivered and the other consideration was paid to the defendants; that the defendants immediately exercising their rights as stockholders went into possession of the bank and conducted the business thereof until August 31, 1928, when the bank was closed by authority of the state of Minnesota, for the reason that it was insolvent; that at the time the contract between plaintiffs and defendants was made and entered into, a certain depositary bond, executed by the bank to the state of Minnesota, was then in force and effect; that plaintiffs, Jones, Bosworth, Jenkins, Roesch and Olson, together with one Pfund, were sureties on said bond; that at the time of the closing of the bank the state of Minnesota had on deposit therein the sum of $11,-459.70; that the state sued and recovered judgment against the sureties on its depositary bond for the amount of this deposit, with interest and costs; that notice was given to the defendants and they were required to defend the action in which such judgment was procured or pay the amount of the deposit.

The complaint then alleges:

## "XV.

"That the said defendants have wilfully and wrongfully breached

their said contract, Exhibit 'A', in the following particulars, among others, namely:

"(a) That they did not control, manage and run said bank as they had agreed to in their said contract, but on the contrary permitted and suffered the bank to become insolvent and to close its doors, although the said James Grady and H. C. Aamoth had ample means with which to continue to keep the said bank open and to operate the same in accordance with said contract.

"(b) That they failed and neglected to furnish such financial aid as was necessary to keep the bank open and in a condition to continue doing business.

"(c) That they failed and neglected to assume all liability to the depositors as shown by the books of said bank on the 5th day of April, 1926 and in accordance with their said agreement.

"(d) That they did not assume all liability to the State, County and City depositors on depository bonds executed by the parties of the first part mentioned in said contract marked Exhibit 'A' and which bonds were in force on the 5th day of April, 1926, but that on the contrary they have failed and neglected to take care of the liability which has accrued under said depository bonds against the said plaintiffs and the other persons mentioned as parties of the first part in said contract marked Exhibit 'A'; and that the State of Minnesota has secured a judgment against the signers of said depository bond for the full amount due the State of Minnesota as above set forth in addition to the costs and disbursements of said action.

"(e) That they have failed and neglected to save the said plaintiffs and the other persons mentioned as parties of the first part in said contract, harmless from liability on such bonds and have refused and neglected to assume such responsibility under said depository bonds.

"(f) That they have refused, failed and neglected to continue to perform their part of the terms and conditions of said contract and have wholly breached said contract marked Exhibit 'A' and are seeking to abandon said contract and to evade the performance thereon on their part in all of the particulars herein set forth.

"(g) That they have refused, failed and neglected to pay the said judgment held by the State of Minnesota and to assume any responsibility whatsoever in the matter; and that by reason thereof, some of

the plaintiffs to this action have been compelled to make certain payments to the State of Minnesota to apply in liquidation of said judgment.

"(h) That they have refused, failed and neglected to furnish financial aid in order to keep and maintain the said bank as a running institution.

"(i) That they have refused, failed and neglected to save the plaintiffs harmless by reason of the depository bonds referred to in said contract.

"(j) That the said James Grady and H. C. Aamoth have wholly failed and neglected to perform any of the terms and conditions of said contract, Exhibit 'A', except as herein otherwise stated.

## "XVI.

"That the said defendants received and appropriated the entire consideration paid and furnished by the plaintiffs and the other stockholders of the said Farmers & Merchants State Bank of Ada; that the promissory notes which they received as part payment of the consideration for said contract marked Exhibit 'A', were immediately negotiated and sold to pretended innocent parties for the express purpose of evading any defense which might be available to the makers of said notes; that the holders of said notes have begun suits thereon which are now pending in the State and Federal Courts within the State of Minnesota and are still undetermined; and that the plaintiffs and other stockholders of said Farmers & Merchants State Bank of Ada have been greatly embarrassed and harassed by said suits; and that they have been put to great expense in the payment of costs and attorney's fees in connection with the said litigation.

## "XVII.

"That by reason of the premises the plaintiffs, and all other parties similarly situated, have been damaged in the sum of Forty Thousand Dollars ($40,000.00).

"WHEREFORE, the plaintiffs demand judgment as follows:

"(a) For the sum of Forty Thousand Dollars ($40,000.00), with interest thereon at the rate of six per cent per annum since the 5th day of April, 1926.

"(b) That the plaintiffs recover their costs and disbursements herein."

To this complaint the defendants demurred on the grounds: (1) That the plaintiffs have not the legal capacity to sue; (2) that there is a defect of parties plaintiff; (3) that several distinct causes of action have been improperly united in the complaint; and (4) that the complaint does not state facts sufficient to constitute a cause of action. The trial court, considering this demurrer, held that but one good cause of action was stated in the complaint, to wit: that on account of the indemnity undertaking of the defendants against liability on the depositary bond given to the state of Minnesota and as to that cause of action overruled the demurrer. As to the remainder of the complaint the demurrer was sustained. Plaintiffs appeal from the order entered accordingly.

In this court the defendants do not advance or attempt to sustain the first ground of the demurrer, which challenged the legal capacity of the plaintiffs to sue. But they do insist that the remaining grounds are good and that accordingly the demurrer should have been sustained in whole. So these latter grounds only will be considered.

In determining the questions presented on this appeal we believe it is advisable to consider the three grounds of the demurrer which are urged in the reverse order of their statement.

First, does the complaint state facts sufficient to constitute a cause of action? We are of the opinion that this question must be answered in the affirmative. The complaint recites facts showing the contract, performance by the plaintiffs, breach by the defendants, and concludes with a general allegation of damages. As we read this complaint it is predicated on the theory that there is but one cause of action resulting from a breach by the defendants of the contract made with the plaintiffs, and that by reason of this breach plaintiffs have suffered damages in several particulars, to wit: because of the failure of the defendants to refinance the bank, to properly manage the bank, to keep the bank open, to assume liability to the depositors, and to save the plaintiffs harmless from liability on account of the depositary bond given to the state of Minnesota. So these several statements of particulars do not purport to be statements of different causes of action. The trial court, however, apparently considered and treated them as such and held that thus considered some of them were insufficient. We think that the

court erred in so doing. A cause of action consists of those matters of fact out of which a party's right to relief arises. See Pom. Code Rem. 5th ed. §§ 346 et seq. Measured by this rule but one cause of action is set out in the complaint. The several statements therein are merely statements of different items of damage arising in the same cause of action. The question presented by this branch of the demurrer was as to whether, considered as a whole, the complaint stated any good cause of action. And it appearing that considering the complaint as a whole a good cause of action is stated, the sufficiency of the several claims for damage as made by the plaintiffs should not have been passed upon.

Second, are several distinct causes of action improperly united in the plaintiffs' complaint? What we have said above with reference to the statements of the several particulars for which plaintiffs claim damages on account of the defendants' breach of the contract pretty much answers this question. In any event, though the several items of damage set forth be considered as separate and distinct causes of action, nevertheless the complaint is not vulnerable to demurrer because of misjoinder. All of these several claims arise out of the same transaction, affect the same parties, and may be tried at the same place. So they properly may be joined. See § 7466, Comp. Laws 1913. Though, as the defendants contend, they are indistinguishably intermingled, the remedy is not by demurrer but by motion to make the complaint more definite and certain by separately and distinctly stating the several causes of action. Stark County v. Mischel, 33 N. D. 432, 156 N. W. 931; Gessner v. Horne, 22 N. D. 60, 132 N. W. 431; Pom. Code Rem. 5th ed. § 341.

The defendants insist, however, that the plaintiffs are seeking, not only to recover damages for breach of the contract, but that they are also seeking to recover on account of the subsequent action of the defendants in wrongfully disposing of the negotiable instruments which they received as part payment of the consideration of the contract, Exhibit A. In that behalf, defendants contend that paragraph sixteen of the complaint, heretofore quoted, sets out a cause of action not arising out of contract, nor out of the transaction which resulted in the execution of the contract. Assuming that this contention is correct, nevertheless there is no ground for the demurrer. As the trial court

held, it is only where a complaint states two or more good causes of action which cannot properly be joined that a demurrer will lie for such misjoinder. See Boyd v. Mutual Fire Asso. 116 Wis. 155, 61 L.R.A. 918, 96 Am. St. Rep. 948, 90 N. W. 1086, 94 N. W. 171; Pom. Code Rem. § 342. Considering the sixteenth paragraph of the complaint most favorably to the plaintiffs, it alleges that for a consideration certain negotiable instruments were turned over to the defendants and that the defendants immediately disposed of these negotiable instruments to third parties in order that any defenses available to the plaintiffs as makers might be evaded; that suits were begun on said instruments and thereby the plaintiffs were embarrassed and put to expense. It further appears from the complaint that these negotiable instruments were turned over absolutely to the defendants pursuant to the terms of the contract, Exhibit A, which is set out as a part of the complaint. This contract, of course, fixes and determines the rights and duties of the respective parties. When the notes were delivered to the defendants they were delivered as a part of the consideration of the contract. Title to them passed. The defendants might dispose of them or use them as they saw fit. We cannot see where any obligation owing to the plaintiffs under the contract was violated by the defendants in so disposing of these notes. Accordingly, no cause of action arose by reason of their doing so. It follows that since no sufficient cause of action is stated in the sixteenth paragraph of the complaint there is no misjoinder.

Finally, the defendants urge that there is a defect of parties plaintiff. As we understand the contention of the defendants with respect to this branch of the demurrer, it is that the plaintiffs are seeking to recover on account of the breach of the indemnity provision of the contract, Exhibit A, whereby the defendants indemnified the plaintiffs against liability on account of the depositary bond given to the state of Minnesota. The defendants further contend that under this contract the sureties on the bond, including the surety Pfund, were jointly indemnified, and that all, including Pfund, must join in an action to recover for breach of the indemnity provision. The words of the contract with respect to this matter are that the defendants "agree to assume all liability to State, County and City depositors on depositary bonds executed by the first parties and now in force, and to save them

harmless from liability on such bonds." The contract does not name the sureties on the bond to the state of Minnesota. The complaint, however, alleges that such sureties were the plaintiffs Jones, Bosworth, Jenkins, Roesch, Olson, and one Pfund, who was not a party to the contract. The consideration moving to the defendants consisted of the transfer of the stock of the bank and the payment of money or other acceptable medium. This consideration was paid and delivered by the named plaintiffs. Their several contributions are not shown. Under the terms of the contract the named plaintiffs and all of them were indemnified. The contract was by and between these plaintiffs and the defendants. No mention was made of Pfund. Whether the plaintiffs' rights under the contract were joint or several is here immaterial. If several all might join and if joint all must be joined. See §§ 7403, 7406, Comp. Laws 1913. But in neither event was Pfund a necessary party. At most, he was a third party benefited by the contract. Though it be assumed—but we do not so determine—that as such a third party he might sue under § 5841, Comp. Laws 1913, providing, "A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." Nevertheless it does not follow that the parties to the contract may not themselves sue without joining him as a party. See § 7397, Comp. Laws 1913; 13 C. J. 705 et seq. Accordingly, it is evident there is no defect of parties plaintiff.

The order of the trial court overruling the demurrer must be modified to accord with what we have said above and as so modified it is affirmed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.